KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1  | Paul R. Kiesel, State Bar No. 119854
   | *kiesel@kbla.com*
2  | Jeffrey A. Koncius, State Bar No. 189803
   | *koncius@kbla.com*
3  | Shehnaz M. Bhujwala, State Bar No. 223484
   | *bhujwala@kbla.com*
4  | E. Glenn Anaiscourt, State Bar No. 246642
   | *GA@kbla.com*
5  | KIESEL BOUCHER LARSON LLP
   | 8648 Wilshire Boulevard
6  | Beverly Hills, California 90211-2910
   | Tel:  310-854-4444
7  | Fax:  310-854-0812

8  | Kenneth M. Lipton, State Bar No. 82342
   | *kenlipton998431@aol.com*
9  | LAW OFFICES OF KENNETH M. LIPTON
   | 5900 Sepulveda Boulevard, Suite 400
10 | Van Nuys, California 91411
   | Tel:    818-780-3562
11 | Fax:    818-780-9038

12 | Attorneys for Plaintiff LOREN STONE,
   | individually and on behalf of all others
13 | similarly situated.

14 |

15 |                    **UNITED STATES DISTRICT COURT**

16 |          **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

17 |

18 | LOREN STONE, individually and on          Case No. CV.12  1684
   | behalf of all others similarly situated,
19 |
20 |                    Plaintiff,              **CLASS ACTION**
21 |           v.                              **COMPLAINT FOR DAMAGES
   |                                           AND INJUNCTIVE RELIEF FOR:**
22 | HOWARD JOHNSON
   | INTERNATIONAL, INC., a Delaware            1. **INVASION OF PRIVACY IN
23 | Corporation; and DOES 1 - 10,                 VIOLATION OF
   |                                              CALIFORNIA PENAL CODE
24 |                    Defendants.               SECTIONS 630 *ET SEQ.*
   |                                           2. VIOLATION OF COMMON
25 |                                              LAW RIGHT OF PRIVACY**
   |                                           3. **NEGLIGENCE**
26 |                                           **DEMAND FOR JURY TRIAL**
27 |
28 |

COPY

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2012 FEB 28  PM 2: 33
BY ___
FILED

COMPLAINT

1    Plaintiff Loren Stone ("Plaintiff"), individually, and on behalf of the Class of all
2  other, similarly situated persons defined below, demands a trial by jury and hereby
3  complains and alleges upon information and belief as follows:

## INTRODUCTION

5    1.    This Class Action Complaint challenges the policy and practice of
6  Defendants Howard Johnson International, Inc. ("Howard Johnson") and DOES 1
7  through 10, inclusive (collectively, "Defendants"), who surreptitiously record telephone
8  conversations with consumers. Defendants' policy and practice violates the rights of
9  consumers under California's Invasion of Privacy Act, California Penal Code Section
10  630 *et seq.* (the "Privacy Act"), violates the common law right to privacy, and is
11  negligent.

12    2.    California's Constitution enshrines privacy as a protected, inalienable
13  right:

14       *All people* are by nature free and independent and *have inalienable rights.*
        *Among these are* enjoying and defending life and liberty, acquiring,
15       possessing, and protecting property, and *pursuing and obtaining* safety,
         happiness, and *privacy*.
16
    Cal. Const. art. I, § 1 (emphasis added).
17
18    3.    The common law tort of intrusion into private matters flows from
    California's Constitution and encompasses unwarranted, sensory intrusions such as
19
    eavesdropping, wiretapping, and the surreptitious recording of telephone
20
    communications.
21
22    4.    The Privacy Act enhances and specifically protects the right to privacy by
    establishing specific protections against unlawful intrusions into private
23
    communications, as explained in Penal Code Section 630:
24
         The Legislature hereby declares that advances in science and technology
25       have led to the development of new devices and techniques for the
         purpose of eavesdropping upon private communications and that the
26       invasion of privacy resulting from the continual and increasing use of such
         devices and techniques has created a serious threat to the free exercise of
27       personal liberties and cannot be tolerated in a free and civilized society.
         The Legislature by this chapter intends to protect the right of privacy of
28       the people of this state.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

5. The Privacy Act specifically prohibits secret recording of telephone conversations:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine . . . .

Cal. Penal Code § 632(a).

6. Defendants have systematically and repeatedly violated the Privacy Act, the common law right to privacy, and in so doing, have breached their duties and acted negligently, by surreptitiously recording telephone conversations with California consumers.

7. Under California law, a telephone conversation is a confidential communication that may not be recorded, regardless of the content of the conversation or the type of telephone involved, unless the recording party first informs all parties to the conversation that it will be recorded. *See* Cal. Penal Code § 632(c). Telephone users have objectively reasonable expectations that their telephone conversations will not be overheard or recorded. Informing all parties to a telephone conversation of the intent to record the conversation permits a party who does not wish to be recorded to hang up or, if the party decides to continue participating in the recorded conversation, to modify their tone or speech to account for the fact that the conversation is being recorded.

8. California Penal Code Section 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code Section 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy rights of any other person.

9. A person who suffers a privacy violation under California Penal Code Section 632 may bring a private action to recover damages. Cal. Penal Code § 637.2.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

3                                                                                    COMPLAINT

1  For each such violation, the injured party is entitled to the greater of the following
2  amounts: $5,000 or three times the amount of any actual damages sustained. Cal. Penal
3  Code § 637.2(a). The injured party need not have suffered, or be threatened with, actual
4  damages. Cal. Penal Code § 637.2(c).

5      10.    A plaintiff in such an action may also seek to enjoin further violations of
6  the Privacy Act. Cal. Penal Code § 637.2(b).

7      11.    Plaintiff brings this Complaint on behalf of himself and all other California
8  residents whose telephone conversations were surreptitiously recorded by Defendants
9  between July 13, 2006 and the present (the "Class Period").

10     12.    Plaintiff and the Class could not, and did not, consent to Defendants'
11 recording of their telephone conversations because Defendants did not warn Plaintiff
12 and the Class that these conversations were being recorded. Plaintiff and the Class, like
13 all members of the public, had objectively reasonable expectations that their telephone
14 conversations were confidential communications that would not be overheard or
15 recorded. Defendants thus violated the statutory rights to privacy of Plaintiff and the
16 Class under the Privacy Act, the common law right to privacy, and acted negligently in
17 so doing.

18     13.    All of the allegations contained in this Complaint are based upon
19 information and belief, except for those pertaining to Plaintiff and his counsel.
20 Plaintiff's information and belief are based upon, among other things, the investigation
21 that Plaintiff and his counsel have conducted to date. The allegations in this Complaint
22 are substantiated by evidentiary support, or are likely to be substantiated by evidentiary
23 support upon further investigation and discovery.

24                              **PARTIES**

25     14.    Plaintiff is, and at all material times has been, a California citizen residing
26 in Simi Valley, Ventura County, State of California.

27     15.    Defendant Howard Johnson is, and at all material times has been, a
28 corporation organized and existing under the laws of the State of Delaware, with

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

                    4                              COMPLAINT

1 headquarters in Parsippany, New Jersey. Howard Johnson is legally operating and
2 authorized to so legally operate and conduct business under the laws of the State of
3 California and regularly conducts business in Ventura County, State of California.

4      16.      The Defendants sued by the fictitious names DOES 1 through 10 are
5 persons or entities whose true names and identities are currently unknown to Plaintiff.
6 Plaintiff will amend this Complaint to allege the true names and capacities of these
7 fictitiously named Defendants when they are ascertained. Each of the fictitiously named
8 Defendants is responsible for the conduct alleged in this Complaint. Through their
9 conduct, the fictitiously named Defendants actually and proximately caused the
10 damages of Plaintiff and the Class.

11      17.      In this Complaint, Defendant Howard Johnson and Defendants DOES 1
12 through 10, inclusive, are sometimes referred to individually as "Defendant," and are
13 sometimes referred to collectively as "Defendants," or "the Defendants."

14      18.      At all times mentioned herein, each Defendant was acting as the agent
15 and/or employee of each of the remaining Defendants and was at all times acting within
16 the purpose and scope of such agency and employment. In doing the acts alleged
17 herein, each Defendant, and its officers, directors, members, owners, principals, or
18 managing agents (where the defendant is a corporation, limited liability company, or
19 other form of business entity) authorized and/or ratified the conduct of each other
20 Defendant and/or of his/her/its employees.

21                          **JURISDICTION AND VENUE**

22      19.      This Court has original jurisdiction over this action under the Class Action
23 Fairness Act (CAFA), 28 U.S.C. § 1332(d), because this is a class action in which (i)
24 the proposed class consists of more than 100 members; (ii) at least some members of
25 the proposed class are citizens of a state different from any defendant; and (iii) the
26 matter in controversy exceeds $5,000,000, exclusive of interest and costs.

27      20.      Venue is proper in the Central District of California, Western Division,
28 pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events that give rise to

5                                           COMPLAINT

1   the claims herein occurred in this District. In particular, Plaintiff is informed, believes,
2   and thereupon alleges that his telephone conversations with Defendants were recorded
3   by Defendants while he was within this District and Division. *See id.*

## FACTUAL BACKGROUND

5       21.   Plaintiff is informed, believes, and thereupon alleges that during the Class
6   Period, Defendants have utilized certain computer hardware and software technology
7   ("Call Recording Technology") to execute a company-wide policy and practice of
8   recording all telephone conversations with consumers.

9       22.   Plaintiff is further informed, believes, and thereupon alleges that
10  Defendants installed and/or utilized Call Recording Technology on all of their
11  consumer-facing telephone lines. Plaintiff is further informed, believes, and thereupon
12  alleges that this Call Recording Technology enabled Defendants to record all of their
13  telephone conversations with consumers, and allowed them to store and listen to these
14  recordings for various purposes.

15      23.   Plaintiff is further informed, believes, and thereupon alleges that
16  Defendants' employees, agents, and representatives were directed, trained, and
17  instructed to, and did, record telephone conversations with consumers.

18      24.   Plaintiff is further informed, believes, and thereupon alleges that
19  Defendants did not provide any verbal warnings or automated, pre-recorded warnings
20  to consumers who participated in a telephone conversation with Defendants that the
21  telephone conversation was recorded. Plaintiff is further informed, believes, and
22  thereupon alleges that, during the Class Period, Defendants did not provide any
23  periodically repeated, audible "beep tone" or other sound throughout the duration of a
24  telephone conversation to warn consumers that the call was recorded.

25      25.   On or about December 2, 2011, Plaintiff placed a call to Defendants
26  through a toll-free telephone number, 800-221-5801, listed on Defendants' website,
27  www.hojo.com. Plaintiff spoke with an employee, agent, or representative of the
28  Defendants and made a reservation for a two night stay at one of Defendants' hotels. At

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

6 .                                    COMPLAINT

1   no time during this conversation did Plaintiff receive a warning from Defendants that
2   his call was being recorded.

3       26.    On or about December 27, 2011, Plaintiff placed a second call to
4   Defendants using the same, toll-free number, 800-221-5801, in order to cancel his
5   reservation for a two night stay at one of Defendants' hotels. Plaintiff spoke with an
6   employee, agent, or representative of the Defendants to cancel his reservation. At no
7   time during this second conversation did Plaintiff receive a warning from Defendants
8   that his call was being recorded.

9       27.    Plaintiff is informed, believes, and thereupon alleges that Defendants
10  recorded these telephone conversations. Defendants failed to verbally warn Plaintiff, at
11  the outset of each telephone conversation, of Defendants' intent to record the
12  conversation. Defendants failed to provide an automated, pre-recorded warning or a
13  periodically repeated beep tone or other sound to warn Plaintiff during each such call
14  that the conversation was being recorded. Because Defendants failed to warn Plaintiff
15  at the outset of these telephone conversations that the call was being recorded, Plaintiff
16  was deprived of the ability to either decline to participate in a recorded call or to censor
17  the content of the conversation. Plaintiff did not provide Defendants with consent to
18  record these telephone conversations.

19                    **CLASS ACTION ALLEGATIONS**

20      28.    Plaintiff brings this action, on behalf of himself and all others similarly
21  situated, as a class action pursuant to Federal Rule of Civil Procedure 23. This action
22  may be brought and properly maintained as a class action because Plaintiff satisfies the
23  numerosity, adequacy, typicality, and commonality pre-requisites for suing as a
24  representative party pursuant to Rule 23.

25      29.    **Class Definition**. The proposed, plaintiff Class that Plaintiff seeks to
26  represent is preliminarily composed of and defined as follows:

27          All California residents who participated in one or more telephone
            conversations with employees, agents, or representatives of Howard
28          Johnson International, Inc., between July 13, 2006 and the present and did

1    not receive a warning that their telephone conversations were recorded.

2        30.    Excluded from the Class are Defendants named herein; officers and
3    directors of Defendants; members of the immediate family of any Defendant; any
4    judges or justices to whom this action is assigned and their immediate families; and the
5    legal representatives, heirs, successors, or assigns of any such excluded party.

6        31.    Plaintiff reserves the right to amend or otherwise alter the Class definition
7    presented to the Court at the appropriate time, or propose or eliminate sub-classes, in
8    response to facts learned through discovery, legal arguments advanced by Defendants,
9    or otherwise.

10       32.    **Numerosity and Ascertainability**. The members of the Class are so
11   numerous that joinder of all members is impracticable. Although the precise number of
12   Class members is unknown to Plaintiff at this time, Plaintiff estimates that there are
13   more than 100 and it is likely that there are thousands of putative Class members.
14   Moreover, the precise number of Class members and their addresses may be obtained
15   from a review of Defendants' own records. This information may then be used to
16   contact potential Class members.

17       33.    **Typicality**. Plaintiff is a member of the Class. His claims are typical of the
18   claims of other members of the Class that he seeks to represent. Plaintiff alleges that
19   Defendants systematically recorded telephonic conversations without warning all
20   parties that these confidential communications were recorded, in violation of the
21   privacy rights of the Plaintiff and the Class under the Privacy Act and common law.
22   The harm that Plaintiff and all other Class members suffered arose from, and was
23   caused by, the same conduct by Defendants. Defendants have acted, or refused to act,
24   on grounds generally applicable to the Class, thereby making injunctive relief and
25   damages pursuant to California Penal Code Section 637.2 and other damages available
26   under common law appropriate with respect to the Class as a whole.

27       34.    **Adequacy of Representation**. Plaintiff will fairly and adequately
28   represent and protect the interests of the Class members. Plaintiff has retained counsel

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1   that is competent and experienced in consumer class action litigation to ensure such
2   protection. Plaintiff and his counsel intend to prosecute this action vigorously for the
3   benefit of the Class. Plaintiff has no interests that are antagonistic to those of the Class.
4   Plaintiff has no interests that are in conflict with those of the Class.

5        35.   **Superiority**. A class action is superior to other available methods for the
6   fair and efficient adjudication of this controversy for several reasons. First, it is unlikely
7   that putative Class members will pursue individual litigation because, unless notice is
8   sent to each putative Class member whose telephone conversation was recorded, Class
9   members will have no way to know that their privacy rights under the Privacy Act and
10  common law were violated. The very nature of Defendants' surreptitious recording
11  precludes knowledge of these privacy violations. Second, since the harm suffered by
12  each Class member is too small and/or too complex to warrant individual pursuit, a
13  class action is the only viable method to obtain damages and other relief from
14  Defendants for its violations of the Privacy Act and common law. Third, class treatment
15  would be superior to adjudicating individual cases due to the much greater expense and
16  burden that individual litigation would impose upon the courts. Fourth, if the Class
17  members sought relief through individual actions, inconsistent or varying adjudications
18  in their individual cases could establish incompatible standards of conduct for the
19  Defendants.

20       36.   **Predominance of Common Questions of Law and Fact**. There exists a
21  well-defined community of interest in the questions of law and fact involved in this
22  case against Defendants, and in obtaining appropriate relief for Defendants' statutory
23  violations of the Privacy Act and the common law right to privacy. The following
24  questions of law and fact common to the Class predominate over any individualized
25  issues and the answers to those questions are apt to drive the resolution of the litigation:

26          a.   Whether, during the Class Period, Defendants had a policy and
27             practice of recording all telephone conversations with
28             consumers;

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

9   COMPLAINT

b.  Whether, during the Class Period, Defendants installed Call Recording Technology to implement their policy of recording all telephone conversations with consumers;

c.  Whether, during the Class Period, the Defendants' employees, agents, or representatives were directed, trained, and instructed to, and did, record all of the Defendants' telephone conversations with consumers in order to implement the Defendants' policy and practice of recording all telephone conversations with consumers;

d.  Whether, during the Class Period, Defendants' policy and practice of recording all telephone conversations with consumers included a policy and practice of warning Class members, including the Plaintiff, at the outset of each recorded telephone conversation that the telephone conversation was recorded;

e.  Whether, during the Class Period, Defendants failed to warn Class members who participated in a telephone conversation with the Defendants that the telephone conversation was recorded;

f.  Whether Defendants' recording of Plaintiff's and Class members' telephone conversations without warning during the Class Period constitutes violations of California Penal Code Section 632;

g.  Whether Plaintiff and Class members are entitled to recover the greater of statutory damages in the amount of $5,000 for each violation of California Penal Code Section 632 pursuant to Section 637.2(a)(1), or treble damages for each violation of California Penal Code Section 632 pursuant to Section 637.2(a)(2);

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

h.   Whether Plaintiff and Class members are entitled to injunctive relief pursuant to California Penal Code Section 637.2(b) to enjoin or restrain the Defendants from committing further violations of Penal Code Section 632;

i.   Whether Defendants' recording of Plaintiff's and Class members' telephone conversations without warning during the Class Period constitute violations of the common law right of privacy;

j.   Whether Defendants' recording of Plaintiff's and Class members' telephone conversations without warning during the Class Period constitutes negligence;

k.   Whether Plaintiff and Class members suffered harm as a result of their telephone conversations being recorded without warning during the Class Period;

l.   Whether Defendants' conduct was a substantial factor in causing the harm suffered by Plaintiff and Class members;

m.   Whether Plaintiff and Class members are entitled to recover damages and the measure of damages for each violation of the common law right of privacy; and

n.   Whether Plaintiff and Class members are entitled to recover damages and the measure of damages for Defendants' negligent acts.

37.   The core factual and legal issues are the same for all Class members: whether the Class member received one or more telephone calls from an employee, agent, or representative of Defendants during the Class Period; whether, at the outset of this telephone conversation, Defendants warned the Class member that the telephone conversation was recorded; and the measure of damages.

38.   Plaintiff is unaware of any difficulties that are likely to be encountered in

11                                                                 COMPLAINT

1 the management of this action that would preclude its maintenance as a class action.

2     39.   The nature of notice to the proposed Class is contemplated to be by direct
3 mail and/or email upon certification of the Class or, if such notice is not practicable, by
4 the best notice practicable under the circumstance including, *inter alia*, publication in
5 major newspapers and on the internet.

6 <strong>FIRST CAUSE OF ACTION</strong>

7 <strong>STATUTORY INVASION OF PRIVACY</strong>

8 <strong>IN VIOLATION OF CALIFORNIA PENAL CODE SECTION 632</strong>

9     40.   Plaintiff repeats and realleges and reincorporates herein by this reference
10 all of the foregoing paragraphs, above, as though set forth in full herein.

11     41.   At all material times, California Penal Code Section 632 was in full force
12 and effect and was binding upon Defendants, and existed for the benefit of the Class
13 members, including Plaintiff, all of whom are and/or were protected by the Privacy Act.

14     42.   Plaintiff is informed, believes, and thereupon alleges that Defendants
15 installed and/or caused to be installed Call Recording Technology on the telephone
16 lines of all employees, agents, or representatives of Defendants who made or received
17 consumer-facing telephone calls during the Class Period.

18     43.   Plaintiff is further informed, believes, and thereupon alleges that
19 Defendants maintained and utilized this Call Recording Technology with the intent to
20 record each and every telephone conversation with consumers, and carry out
21 Defendants' policy of recording each and every telephone conversation with
22 consumers, during the Class Period.

23     44.   Plaintiff is further informed, believes, and thereupon alleges that
24 Defendants further directed, trained, and instructed their employees, agents, or
25 representatives to record all telephone conversations with consumers in order to carry
26 out this policy and practice during the Class Period.

27     45.   Plaintiff is further informed, believes, and thereupon alleges that
28 Defendants' policy and practice of recording all telephone conversations with

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1 consumers failed to include a policy and practice that its employees, agents, or
2 representatives warn Class members, including Plaintiff, who participated in telephone
3 calls with Defendants during the Class Period, at the outset of each call that the
4 telephone conversation was being recorded by Defendants.

5 46. Plaintiff is further informed, believes, and thereupon alleges that
6 Defendants failed to warn the Class members, including the Plaintiff, at the outset of
7 each and every telephone conversation initiated or received by Defendants during the
8 Class Period that the conversation was recorded.

9 47. Defendants violated California Penal Code Section 632 by recording
10 telephone conversations with Class members, including Plaintiff, during the Class
11 Period, without the consent of all parties to these conversations.

12 48. California Penal Code Section 637.2 is a manifestation of the California
13 Legislature's determination that the privacy invasion arising from the non-consensual
14 recording of a confidential communication constitutes an affront to human dignity that
15 warrants a minimum of $5,000 in statutory damages per violation, even in the absence
16 of proof of actual damages, or treble damages, whichever amount is greater, as well as
17 injunctive relief enjoining further violations. Defendants' surreptitious recordings of the
18 confidential communications of Plaintiff and the Class caused injury to Plaintiff and the
19 Class in the form of an affront to their human dignity, and damages in amounts to be
20 determined at the time of trial.

21 49. Based upon the foregoing, the Class members, including the Plaintiff, are
22 entitled to, and below do pray for, damages for each of Defendants' violations of
23 California Penal Code Section 632 and for injunctive relief, as provided under Penal
24 Code Section 637.2.

25 50. The one-year statute of limitations provided for under California Code of
26 Civil Procedure Section 340 does not bar the Plaintiff or the Class members from
27 recovering damages pursuant to California Penal Code Section 637.2 for any violations
28 that occurred one year before the filing of this Complaint, because the delayed

13                                                    COMPLAINT

1  discovery doctrine applies to toll claims brought under the Privacy Act. The time for
2  bringing such a claim does not begin to run until a plaintiff discovers or should have
3  discovered the injury. Here, Plaintiff pleads, on information and belief, that his
4  telephone conversations with Defendants on or about December 2, 2011 and December
5  27, 2011 were secretly recorded by Defendants in violation of Penal Code Section 632.
6  Plaintiff has not yet obtained copies of the recordings from Defendants or otherwise
7  obtained Defendants' admission to the secret recording of these telephone
8  conversations. As such, Plaintiff contends that his claims are timely brought. Likewise,
9  the limitations period for claims of Class members does not begin to run until
10  Defendants produce copies of their recorded telephone conversations or otherwise
11  admit to recording their telephone conversations. The very nature of Defendants'
12  surreptitious recording precludes knowledge of these privacy violations. Because the
13  recording was secretive in nature, Class members did not suffer an obvious harm,
14  where all essential facts are either known or knowable at the time the harm was caused,
15  that would enable them to either know or suspect wrongdoing and therefore have
16  sufficient knowledge to investigate and potentially assert claims. In addition to the
17  tolling afforded the Class by the delayed discovery rule, the time period is also tolled
18  by the filing of this putative class action and until notice is sent out to the members of
19  the Class.

20  ## SECOND CAUSE OF ACTION

21  ## COMMON LAW INVASION OF PRIVACY

22  51.  Plaintiff realleges and reincorporates herein by this reference all of the
23  foregoing paragraphs, above, as though set forth in full herein.

24  52.  Plaintiff and Class members are guaranteed by the California Constitution
25  and common law a right of privacy and a right to protection from unreasonable
26  intrusion into their private affairs.

27  53.  Plaintiff and Class members had objectively reasonable expectations that
28  their telephone conversations with Defendants were private communications that were

14                                                    COMPLAINT

1 | not being overheard or recorded.

2 |     54.    Plaintiff is informed, believes, and thereupon alleges that Defendants
3 | intended to record Plaintiff's and Class members' telephone conversations by means of
4 | Call Recording Technology, thereby intruding upon the private affairs of Plaintiff and
5 | Class members.

6 |     55.    This intrusion into Plaintiff's and Class members' right to privacy was
7 | outrageous and highly offensive to Plaintiff and Class members, and is highly offensive
8 | to a reasonable person.

9 |     56.    As a direct result of the aforementioned conduct, Plaintiff and Class
10 | members were harmed and suffered damages in an amount to be determined at the time
11 | of trial.

12 |     57.    At all times herein alleged, Defendants acted willfully, wantonly, with
13 | oppression, fraud and/or malice, and with a conscious disregard of the rights of Plaintiff
14 | and Class members, such that Plaintiff requests that the trier of fact, in the exercise of
15 | sound discretion, award Plaintiff and Class members additional damages for the sake of
16 | example and in a sufficient amount to punish Defendants for their conduct.

17 | **THIRD CAUSE OF ACTION**
18 | **DEFENDANTS' NEGLIGENCE**

19 |     58.    Plaintiff realleges and reincorporates herein by this reference all of the
20 | foregoing paragraphs, above, as though set forth in full herein.

21 |     59.    Defendants had various statutory, Constitutional, and common law duties
22 | not to engage in the secret recording of telephone conversations of Plaintiff and Class
23 | members, without warning, such that Plaintiff's and Class members' rights to privacy
24 | were invaded and breached by Defendants' secret recording of their telephone
25 | conversations.

26 |     60.    Defendants negligently and recklessly engaged in the afore-described
27 | secret recording of telephone conversations of Plaintiff and Class members.

28 |     61.    These activities by Defendants, as afore-described in this Complaint,

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

15             COMPLAINT

1 | legally caused actual, statutorily-imposed and/or demonstrable damages to the Plaintiff
2 | and Class members.

3     62.   As a result of Defendants' secret recording activities, as described in this
4 | Complaint, Plaintiff and Class members suffered an affront to their dignity, serious
5 | emotional distress, inconvenience, anxiety, and upset. As a result of such injuries,
6 | Plaintiff has suffered general damages according to proof.

7     63.   Based on the foregoing, Plaintiff and Class members suffered economic
8 | damages as a result of the Defendants' conduct. Plaintiff and Class members are
9 | entitled to, and do herein pray for, their damages, according to proof at trial.

10 | **PRAYER FOR RELIEF**

11     WHEREFORE, Plaintiff, individually and on behalf of all others similarly
12 | situated, hereby prays that the Court determine that this action may be maintained as a
13 | class action and further prays that the Court enter judgment in his favor and against the
14 | Defendants, as follows:

15     1.   For the greater of statutory damages pursuant to California Penal Code
16 | Section 637.2(a)(1) in the amount of $5,000 per violation of Penal Code Section 632, or
17 | treble damages pursuant to California Penal Code Section 637.2(a)(2) per violation of
18 | Penal Code Section 632;

19     2.   For entry of a preliminary and permanent injunction pursuant to California
20 | Penal Code Section 637.2(b) prohibiting the Defendants from continuing to violate
21 | Penal Code Section 632;

22     3.   Economic damages;
23     4.   Non-economic damages;
24     5.   Punitive and exemplary damages on the second cause of action only; and
25     6.   For such other and further relief as the Court may deem just and proper.
26 | / / /
27 | / / /
28 | / / /

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

16         COMPLAINT

1  DATED: February 27, 2012

Respectfully submitted,

KIESEL BOUCHER LARSON LLP

By: _____

PAUL R. KIESEL
JEFFREY A. KONCIUS
SHEHNAZ M. BHUJWALA
E. GLENN ANAISCOURT

Attorneys for Plaintiff LOREN STONE,
individually and on behalf of all others
similarly situated.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

17                                        COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class of all others similarly situated, demands a trial by jury as to all issues so triable.

DATED: February 2̲7̲, 2012          Respectfully submitted,

KIESEL BOUCHER LARSON LLP

By: _____

PAUL R. KIESEL
JEFFREY A. KONCIUS
SHEHNAZ M. BHUJWALA
E. GLENN ANAISCOURT

Attorneys for Plaintiff LOREN STONE,
individually and on behalf of all others
similarly situated.

18                                    COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

### CV12- 1684 PSG (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: Paul R. Kiesel, Esq. (SBN119854)
KIESEL BOUCHER LASON LLP
8648 Wilshire Blvd.
Beverly Hills, CA 90211

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LOREN STONE, individually and on behalf of all others similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) <br> v. <br> HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 - 10, | CV 12  1684-PSG(MAN) |
| | **SUMMONS** |
| DEFENDANT(S). | |

TO:  DEFENDANT(S): HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation;
and DOES 1 - 10

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Paul R. Kiesel, Esq._____, whose address is _Kiesel, Boucher & Larson, LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: FEB 2 8 2012

Clerk, U.S. District Court

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                          SUMMONS

Name & Address: Paul R. Kiesel, Esq. (SBN119854)
KIESEL BOUCHER LASON LLP
8648 Wilshire Blvd.
Beverly Hills, CA 90211

Attorneys for Plaintiffs

COPY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREN STONE, individually and on behalf of all others similarly situated, | CASE NUMBER |
| PLAINTIFF(S) <br> v. <br> HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 - 10, <br><br> DEFENDANT(S). | CV 12 1684—PSG(MANx) <br><br> **SUMMONS** |

TO:    DEFENDANT(S): HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation;
                     and DOES 1 - 10

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Paul R. Kiesel, Esq. _____, whose address is Kiesel, Boucher & Larson, LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    FEB 2 8 2012

By: _____ MARILYN DAVIS
                 Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| LOREN STONE, individually and on behalf of all others similarly situated. | HOWARD JOHNSON INTERNATIONAL, INC , a Delaware Corporation, and DOES 1 - 10, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Paul R Kiesel, Esq , KIESEL BOUCHER LARSON LLP 8648 Wilshire Blvd , Beverly Hills, CA 90211 Tel (310) 854-4444; Fax (310) 854-0812 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.) | | | |
|---|---|---|---|---|---|
| □ 1 U.S. Government Plaintiff | □ 3 Federal Question (U.S. Government Not a Party) | | PTF DEF | | PTF DEF |
| | | Citizen of This State | ☑ 1 □ 1 | Incorporated or Principal Place of Business in this State | □ 4 □ 4 |
| □ 2 U.S. Government Defendant | ☑ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | □ 2 □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 ☑ 5 |
| | | Citizen or Subject of a Foreign Country □ 3 | □ 3 | Foreign Nation | □ 6 □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes □ No       □ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CAFA Diversity 28 U.S.C. §1332(d); Violation of Privacy CA Penal Code §630, Negligence

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | | □ 510 Motions to | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 370 Other Fraud | Vacate Sentence Habeas Corpus | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 371 Truth in Lending | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | | □ 380 Other Personal Property Damage | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 340 Marine | **BANKRUPTCY** | □ 550 Civil Rights | □ 740 Railway Labor Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 790 Other Labor Litigation |
| □ 490 Cable/Sat TV | | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | □ 791 Empl. Ret. Inc. Security Act |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | □ 610 Agriculture | **PROPERTY RIGHTS** |
| □ 850 Securities/Commodities/ Exchange | | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 820 Copyrights |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of | □ 830 Patent |
| ☑ 890 Other Statutory Actions | □ 190 Other Contract | | □ 443 Housing/Acco- mmodations | Property 21 USC 881 | □ 840 Trademark |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | □ 365 Personal Injury- Product Liability | □ 444 Welfare | | **SOCIAL SECURITY** |
| □ 892 Economic Stabilization Act | □ 196 Franchise | □ 368 Asbestos Personal Injury Product Liability | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 893 Environmental Matters | **REAL PROPERTY** | | | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | **IMMIGRATION** | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 462 Naturalization Application | | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 463 Habeas Corpus- Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | □ 865 RSI (405(g)) |
| | □ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | □ 465 Other Immigration Actions | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 290 All Other Real Property | | | | □ 871 IRS-Third Party 26 USC 7609 |

# CV 12 1684

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date February 27, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)     CIVIL COVER SHEET     Page 2 of 2