1  NANCY L. STAGG CA Bar No. 157034
       nstagg@foley.com
2  Foley & Lardner LLP
   402 WEST BROADWAY, SUITE 2100
3  SAN DIEGO, CA 92101-3542
   TELEPHONE:    619.685.6454
   FACSIMILE:    619.234.3510
4  ANDREW B. SERWIN CA Bar No. 179493
       aserwin@foley.com
5  TAMMY H. BOGGS CA Bar No. 252538
       tboggs@foley.com
6  Foley & Lardner LLP
   3579 VALLEY CENTRE DRIVE, SUITE 300
7  SAN DIEGO, CA 92130-3302
   TELEPHONE:    858.847.6700
   FACSIMILE:    858.792.6773
8
   Attorneys for Defendant,
9  HOWARD JOHNSON INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LOREN STONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 – 10,<br><br>Defendants. | Case No. 12-CV-1684-PSG (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation and [Proposed] Protective Order Governing the Pre-Trial Handling of Confidential Information ("Stipulation") filed on December 10, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1, 2.6(f), 2.7, 4.3(b), 5, and 9 of the Stipulation.

The parties are expressly cautioned that the designation of any information,

1

document, or thing as "Confidential," "Highly Confidential – Attorney's Eyes Only," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential," "Highly Confidential – Attorney's Eyes Only," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential," "Highly Confidential – Attorney's Eyes Only," or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If

1  documents can be redacted, then a redacted version for public viewing, omitting only
2  the confidential, privileged, or otherwise protectable portions of the document, shall
3  be filed. Any application that seeks to file documents under seal in their entirety
4  should include an explanation of why redaction is not feasible.
5  Notwithstanding any other provision of this Protective Order, in the event that this
6  case proceeds to trial, all information, documents, and things discussed or introduced
7  into evidence at trial will become public and available to all members of the public,
8  including the press, unless sufficient cause is shown in advance of trial to proceed
9  otherwise.

## TERMS OF PROTECTIVE ORDER

10 
11      1.    **GENERAL LIMITATION**
12      This Protective Order and the Parties' stipulation **upon which it is based** does
13  not change, amend, or circumvent any court rule or local rule governing this action.
14      2.    **DEFINITIONS**
15      2.1   Party:  Any party to this action, including all of its officers, directors,
16  employees, consultants, and agents.
17      2.2   Disclosure or Discovery Material:  All items or information, regardless
18  of the medium or manner generated, stored, or maintained (including, among other
19  things, testimony, transcripts, or tangible things) that are produced or generated in
20  disclosures or responses to discovery in this matter.
21      2.3   "Confidential" Information or Items:  In connection with discovery
22  proceedings in this action, the Parties may designate any document, thing, material,
23  testimony, video or audio recording, or other information derived therefrom, as
24  "CONFIDENTIAL" (hereinafter – "Confidential") under the terms of this Protective
25  Order only if, in the good faith belief of such Party and its counsel, the unrestricted
26  disclosure of information could be prejudicial to the business, operations, or privacy
27  interests of such Party or of non-parties.  "Confidential" information as used herein
28  means any information that a party in good faith believes constitutes or reveals

proprietary or commercially sensitive information, trade secrets, information subject to a legally protected right of privacy, personal identifying information, personal financial information, or other information subject to protection under the law. By designating a document, thing, material, testimony, video or audio recording, or other information derived therefrom as "Confidential" under the terms of this Protective Order, the Party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

    2.4    <u>"Highly Confidential–Attorney's Eyes Only" Information or Items</u>: In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, testimony, video or audio recording, or other information derived therefrom, as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter – "Attorney's Eyes Only") under the terms of this Protective Order only if, in the good faith belief of such Party and its counsel, the information is among that considered to be most sensitive by the Party and **its** disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. This information includes but is not limited to trade secret or other highly confidential financial, commercial, personal, or private information.

Attorney's Eyes Only material, and the information contained therein, shall be disclosed only to the Court, to counsel for the Parties (including their support staff), and to the "qualified persons" defined in Section 2.6 below, subparts (b)–(f), but shall not be disclosed to a Party (as defined herein at Section 2.1), unless otherwise agreed to or ordered. If disclosure of "Attorney's Eyes Only" material is made pursuant to this paragraph, all other provisions in this Protective Order with respect to confidentiality shall also apply.

    2.5    <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential–Attorney's Eyes Only."

    2.6    <u>Qualified Persons</u>: Protected Material produced pursuant to this

Protective Order may be disclosed or made available only to the Court, to counsel for a Party (including attorney support staff), and to the following "qualified persons" designated below:

    (a) a Party or officer, director, agent, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) Experts or consultants (together with their clerical staff), as defined in section 2.10 below, retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) Professional vendor(s), as defined in section 2.11 below, employed in this action;

    (d) a witness at any deposition or other proceeding in this action;

    (e) the author of the document or the original source of the information; and

    (f) any other person as to whom the Parties in writing agree.

Prior to receiving any Protected Material, each "qualified person," with the exception of Outside Counsel for a Party **and the Court**, shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Exhibit A, a copy of which shall be maintained by counsel who is providing access to the Protected Material. Upon request of a Party, the counsel providing access to the Protected Materials shall provide a copy of the executed nondisclosure agreement to counsel for the requesting Party, but only after the individual who received the Protected Materials has been identified through the normal course of discovery.

2.7 **(a)** <u>Designating Party</u>: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential–Attorney's Eyes Only."

    **(b)<u>Receiving Party</u>:   A Party that receives information or items produced by a Designating Party in disclosures or in responses to discovery that have been designated as "Confidential" or "Highly Confidential–Attorney's**

**Eyes Only."**

2.8 <u>Outside Counsel</u>:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including their support staff.

2.9 <u>House Counsel</u>:  Attorneys who are employees of a Party.

2.10 <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11 <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, **or** retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

Material designated as "Confidential" or "Attorney's Eyes Only" material under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential, shall be used only for the purpose of the prosecution, defense, and settlement of this action, and for no other purpose.  However, the restrictions and obligations set forth within this Protective Order will not apply to any information that:  (a) the Parties agree should not be designated as Protected Material; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Protective Order; or (d) has come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party.  Prior knowledge must be established by pre-production documentation.

4. **DESIGNATING PROTECTED MATERIAL**

4.1   Confidential documents shall be so designated by stamping copies of the document produced to a **P**arty with the legend "CONFIDENTIAL" on each document or on each page of a multi-page document and for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

4.2   Attorney's Eyes Only material shall be similarly designated by stamping copies of the document produced to a **P**arty's outside counsel with the legend "HIGHLY CONFIDENTIAL –ATTORNEY'S EYES ONLY" on each document or on each page of a multi-page document and for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

4.3   Designation in conformity with this Protective Order requires:

(a)   <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY" on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY").

(b)   <u>Testimony taken at a deposition</u> may be designated as confidential by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporting service taking and transcribing **the deposition** to bind separately such portions of the transcript containing information designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only," as the case may be, and to label such portions appropriately.  Depositions shall be taken only in the presence of qualified persons, as defined in Section 2.6 above.  When it is impractical

to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 20 days after delivery of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days after delivery of the transcript shall be covered by the provisions of this Protective Order.

(c) <u>For information produced in some form other than documentary form, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential–Attorney's Eyes Only."

4.4 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential–Attorney's Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential–Attorney's Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

This Protective Order shall be without prejudice to the right of the Parties to**:**

1  (i) bring before the Court at any time the question of whether any particular document
2  or information is confidential or whether its use should be restricted; or (ii) present a
3  motion to the Court under Federal Rule of Civil Procedure Rule 26(c) for a separate
4  protective order as to any particular document or information, including restrictions
5  differing from those specified herein.  This Protective Order shall not be deemed to
6  prejudice the Parties in any way in the further application for modification of this
7  Protective Order.
8       A Party that elects to initiate a challenge to a Designating Party's
9  confidentiality designation must do so in good faith and must begin the process by
10 conferring directly (in voice-to-voice dialogue; other forms of communication are not
11 sufficient) with counsel for the Designating Party.  In conferring, the challenging
12 Party must explain the basis for its belief that the confidentiality designation was not
13 proper and must give the Designating Party an opportunity to review the designated
14 material, to reconsider the circumstances, and, if no change in designation is offered,
15 to explain the basis for the chosen designation.  A challenging Party may only bring a
16 confidentiality designation to the Court if it has engaged in this meet and confer
17 process first.  **The burden of establishing that documents and/or materials have**
18 **been properly designated shall be upon the Designating Party at all times.**
19      The Court may modify the terms and conditions of this **Protective** Order for
20 good cause, or in the interests of justice, or on its own order, at any time in these
21 proceedings.
22      6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**
23      Protected Material must be stored and maintained by a Receiving Party at a
24 location and in a secure manner that ensures that access is limited to the persons
25 authorized under this Order.
26 ///
27 ///
28 ///

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d)

request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. Instead, the Receiving Party shall file a redacted version of the document containing Protected Material and mandatory chambers copies of unredacted documents shall be submitted in an appropriate envelope as set forth in Local Rule 79-5 of the Central District of California. The burden is then on the Designating Party to comply with Local Rule 79-5 by filing an application **supported by competent evidence** and proposed order to seal with the Court. If the Designating Party does not make such an application to seal within five **(5) court** days of the redacted materials being filed, then the Receiving Party shall file an unredacted version.

10. **DURATION AND FINAL DISPOSITION**

This Protective Order shall survive the final termination of this action, to the extent that the information contained in "Confidential" or "Attorney's Eyes Only" material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within 60 days of termination of this case, counsel for the Parties shall assemble and return to each other all documents, materials, and deposition transcripts designated as "Confidential" or "Attorney's Eyes Only" material, and all copies of the same, or shall certify the destruction thereof. Any action by this Court with respect to disposition of "Confidential" material shall be preceded by an *ex parte* motion for an order authorizing the return of all "Confidential" and "Attorney's Eyes Only" material to the Party that produced the information or the destruction thereof.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or

attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

11. **INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

Under Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, incorporated herein by reference, the inadvertent or unintentional disclosure by the Producing Party or non-party of information subject to the attorney-client privilege or work-product doctrine, or any other applicable privilege or immunity, shall not be deemed a waiver in whole or in part of the Party's or nonparty's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party or non-party has inadvertently produced information subject to a claim of immunity or privilege, the Party or non-party shall have the right to claw back inadvertently produced privileged or work-product documents. The Receiving Party, upon request, shall return or destroy the inadvertently produced materials within five (5) court days of the request, and all copies of those materials that may have been made and any notes regarding those materials shall be destroyed. The Party returning such information may move the Court for an order compelling production of such information including on the grounds that such production was not inadvertent or unintentional. However, the inadvertent production of privileged or otherwise protected materials cannot be a basis for seeking production.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By **having stipulated** to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Injunctive Relief.  The Parties shall not use or reveal, directly or indirectly, Protected Material in violation of this Protective Order. The Parties stipulate that injunctive relief is an appropriate remedy to prevent any person from using or disclosing Protected Material in violation of this Protective Order. In the event this Protective Order is violated or a violation is threatened, the Producing or Designating Party may apply to the Court to obtain injunctive relief. In the event such a motion or application is brought, the Receiving Party or other person subject to this Protective Order shall not employ, as a defense thereto, the claim that the movant possesses an adequate remedy at law. The Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief for the enforcement of this Protective Order.

12.4  Notice:  Transmission by electronic mail is acceptable for all notification purposes herein.

12.5  Advice to Client:  Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY materials produced or exchanged in this litigation.

IT IS SO ORDERED.

Dated:  December 31, 2012

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LOREN STONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 – 10,<br><br>Defendants. | Case No. CV 12-1684 PSG (MANx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by other parties and/or non-parties, as defined in the Protective Order dated December 31, 2012.

My address is _____.

My present employer or the Party I have been retained by is _____.

My present occupation or job description and job title is _____.

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

\

I will return on request all materials containing confidential information, copies thereof, and notes that I have prepared relating thereto, to outside counsel of record for the party with whom I am associated.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

Respectfully submitted,

Dated: _____    By:_____