Paul R. Kiesel, State Bar No. 119854
  *kiesel@Kiesel-Law.com*
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@Kiesel-Law.com*
Matthew A. Young, State Bar No. 266291
  *young@Kiesel-Law.com*
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   (310) 854-4444
Fax:   (310) 854-0812

Kenneth M. Lipton, State Bar No. 82342
  *kenlipton998431@aol.com*
LAW OFFICES OF KENNETH M. LIPTON
5900 Sepulveda Boulevard, Suite 400
Van Nuys, California 91411
Tel:   (818) 780-3562
Fax:   (818) 780-9038

Attorneys for Plaintiff LOREN STONE,
on behalf of himself and all others
similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LOREN STONE, individually and on behalf of all others similarly situated, | Case No. 12-CV-01684 PSG (MANx) |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 - 10, | |
| Defendants. | Judge:   Hon. Philip S. Gutierrez |
| | Date:    June 15, 2015 |
| | Time:    1:30 p.m. |
| | Crtrm.:  880 - Roybal |
| | Complaint filed: February 28, 2012 |
| | Trial Date:       None |

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 15, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Philip S. Gutierrez, United States District Court, Central District of California, Western Division, Plaintiff will and hereby does move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the entry of an Order:

1. Certifying the stipulated Class for settlement purposes;

2. Granting preliminary approval of the Settlement;

3. Approving the proposed form of notice and scheduling the dissemination of notice;

4. Scheduling a hearing for final approval of the Settlement; and

5. Scheduling a hearing for Class Counsel's motion for an award of attorneys' fees and costs, and for a service payment to the Plaintiff.

The grounds for this motion are that the proposed Class settlement is within the range of being finally approved as fair, adequate, and reasonable.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities in support thereof, the Declarations of Class Counsel, Plaintiff, and the Claims Administrator, the pleadings and papers on file in this action, and such oral and documentary evidence as may be presented at the hearing on this motion.

DATED: April 24, 2015          **KIESEL LAW, LLP**


By:  */s/ Matthew A. Young*
    _____
    PAUL R. KIESEL
    JEFFREY A. KONCIUS
    MATTHEW A. YOUNG
    Attorneys for Plaintiff and the Class

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

# **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ........................................................1

II.    BACKGROUND ...........................................................................2

       A.    STATEMENT OF FACTS .....................................................2

       B.    PERTINENT PROCEDURAL HISTORY ................................2

       C.    THE NATURE OF THE  SETTLEMENT NEGOTIATIONS .............3

III.   SETTLEMENT TERMS ................................................................4

       A.    NARROWLY TAILORED RELEASE ....................................4

       B.    ATTORNEYS'  FEES  AND  COSTS  AND  SERVICE
             PAYMENT ........................................................................5

       C.    COMPREHENSIVE NOTICE PROGRAM ...............................6

       D.    CY  PRES  DISTRIBUTION  OF  COMMON  FUND
             REMAINDER ....................................................................6

IV.    LEGAL ANALYSIS .....................................................................7

       A.    STANDARD FOR PRELIMINARY APPROVAL ......................7

       B.    THE  SETTLEMENT  SHOULD  BE  PRELIMINARILY
             APPROVED........................................................................8

             1.    The Strength of Plaintiff's Case Compared to the Risk,
                   Expense, Complexity, and Likely Duration of Further
                   Litigation.................................................................9

             2.    The Risk of Maintaining Class Action Status Throughout
                   the Trial...................................................................9

             3.    The Amount Offered in Settlement ............................ 10

             4.    The Extent of Discovery Completed and the Stage of the
                   Proceedings............................................................ 12

             5.    The Experience and Views of Counsel........................ 12

       C.    THE   PROPOSED   NOTICE   PROGRAM   MORE   THAN
             SATISFIES RULE 23........................................................ 13

       D.    THE COURT SHOULD CERTIFY A SETTLEMENT CLASS
             FOR SETTLEMENT PURPOSES ....................................... 15

             1.    The Requirements of Rule 23(a) Are Satisfied .......... 16

                   a.    Numerosity ..................................................... 16

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

i

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT**

b.    Commonality ................................................................. 17

c.    Typicality ...................................................................... 18

d.    Adequacy of Representation ........................................... 18

2.    The Requirements of Rule 23(b)(3) Are Satisfied ..................... 19

V.    ATTORNEYS' FEES AND COSTS AND THE SERVICE PAYMENT ...... 20

VI.    THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE .................................................................................... 21

VII.    CONCLUSION ................................................................... 23

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT**

# TABLE OF AUTHORITIES

## CASES

*Amchem Prods., Inc. v. Windsor*
  521 U.S. 591 (1997) ...................................................................... 13, 15

*Churchill Vill., L.L.C. v. Gen. Elec.*
  361 F.3d 566 (9th Cir. 2004) ............................................................ 7, 8

*Ellison v. Steven Madden, Ltd.*
  No. 11-cv-5935 PSG-AGRx (C.D. Cal. Sept. 25, 2012) ..................... 8, 14, 20

*Faulkner v. ADT Security Servs., Inc.*
  706 F.3d 1017 (9th Cir. 2013) ................................................................ 9

*Gen. Tel. Co. of Sw. v. Falcon*
  457 U.S. 147 (1982) ............................................................................. 17

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) ...........................................7, 10, 18, 19

*Hanon v. Dataproducts Corp.*
  976 F.2d 497 (9th Cir. 1992) ............................................................... 18

*In re Mercury Interactive Corp. Sec. Litig.*
  618 F.3d 988 (9th Cir. 2010) ............................................................... 21

*In re Syncor ERISA Litig.*
  516 F.3d 1095 (9th Cir. 2008) ............................................................... 7

*Nat'l Super Spuds, Inc. v. New York Mercantile Exchange*
  660 F.2d 9 (2d Cir. 1981) ...................................................................... 5

*Radcliffe v. Experian Info. Solutions, Inc.*
  715 F.3d 1157 (9th Cir. 2013) ............................................................... 21

*Staton v. Boeing Co.*
  327 F.3d 938 (9th Cir. 2003) ............................................................... 18

*Torrisi v. Tucson Elec. Power Co.*
  8 F.3d 1370 (9th Cir. 1993) ................................................................... 5

*Van Ba Ma v. Covidien Holding, Inc.*
  2014 U.S. Dist. LEXIS 13296 (C.D. Cal. Jan. 31, 2014) ......................... 7

*Wal-Mart Stores, Inc. v. Dukes*
  131 S. Ct. 2541 (2011) .................................................................. 16, 17

*Weiner v. ARS Nat'l Servs.*
  887 F. Supp. 2d 1029 (S.D. Cal. 2012) ................................................. 9

*Zinser v. Accufix Research Inst., Inc.*
  253 F.3d 1180 (9th Cir. 2001) ............................................................. 20

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

iii

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## **STATUTES**

Cal. Penal Code § 632(a) ............................................................................ 9

## **RULES**

Fed. R. Civ. P. 23 ................................................................................... 1, 6

Fed. R. Civ. P. 23(a) ............................................................ 10, 15, 16, 19

Fed. R. Civ. P. 23(a)(1) ........................................................................... 16

Fed. R. Civ. P. 23(a)(2) ........................................................................... 17

Fed. R. Civ. P. 23(a)(3) ........................................................................... 18

Fed. R. Civ. P. 23(a)(4) ........................................................................... 18

Fed. R. Civ. P. 23(b) ............................................................................... 15

Fed. R. Civ. P. 23(b)(3) ........................................................ 10, 15, 19, 20

Fed. R. Civ. P. 23(c)(2)(B) ................................................................ 13, 15

Fed. R. Civ. P. 23(c)(3) ........................................................................... 15

Fed. R. Civ. P. 23(e) ................................................................................. 7

Fed. R. Civ. P. 23(e)(1) ........................................................................... 13

## **TREATISES**

1 Rubenstein, *Newberg on Class Actions* (5th ed. 2011) ....................... 16

7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal
    Practice and Procedure § 1780 (2d ed. 1986) .................................. 20

Conte & Newberg, 4 *Newberg on Class Actions* (4th ed. 2010) ............... 5

## **OTHER AUTHORITIES**

Manual for Complex Litig. (4th ed. 2004) .............................................. 15

Moore's Fed. Prac. (3d ed. 2009) ............................................................. 8

iv

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully submits this Memorandum of Law in support of his Motion for Preliminary Approval of Class Action Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

## I.    PRELIMINARY STATEMENT

Rather than needlessly expend both party and judicial resources in litigating this matter any further, the parties in this action engaged in settlement negotiations so that if this matter could be resolved on a classwide basis, such relief could be provided in an expeditious and economical fashion. As a result of arm's-length negotiations, which included an all-day mediation session with the Honorable Leo Papas (Ret.) of Judicate West and numerous phone conferences, the parties have entered into a settlement agreement resolving this matter (hereinafter, the "Settlement"). Pursuant to the Settlement Agreement entered into by the parties (the "Settlement Agreement," a copy of which is attached as Exhibit "1" to the Declaration of Matthew A. Young ("Young Decl.")), Defendants Howard Johnson International, Inc. ("HJI") and Wyndham Hotel Group, LLC ("WHG") (collectively "Defendants") have agreed, among other things, to transfer $1.5 million ("Settlement Amount")[1] into an interest-bearing account administered by the Claims Administrator ("Settlement Fund") to pay claims for alleged violations of California's Privacy Act (Cal. Penal Code §§ 630, et seq.; the "Privacy Act") to the members of the Class.

The Settlement satisfies all of the criteria for preliminary settlement approval and falls well within the range of reasonableness. Accordingly, Plaintiff requests

---

[1] Unless otherwise defined herein, all capitalized terms have the definition set forth in the Settlement Agreement.

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT**

that the Court certify the stipulated Class for settlement purposes, grant preliminary approval of the proposed Settlement, and direct distribution to the Class of the proposed notice in the manner agreed to and set out below. Plaintiff also requests that the Court schedule a final approval hearing and other dates pertinent to these proceedings.

## II.   BACKGROUND

### A.   STATEMENT OF FACTS

Plaintiff Stone, a California citizen, placed a telephone call to Defendant Howard Johnson's toll-free reservations number to make a hotel reservation. Plaintiff alleges that Defendants' agents recorded those calls but did not warn Plaintiff about the recordings, thereby violating the plain terms of the Privacy Act. Plaintiff's operative Complaint asserts causes of action for negligence and invasion of privacy in violation of the Privacy Act, which requires all parties to consent to the recording of a telephone call. Specifically, Plaintiff alleges that Defendants, having failed to obtain such consent at the outset of each call, are liable to Plaintiff and the members of the proposed Class who made telephone calls to Howard Johnson's toll-free reservations and were not informed that the calls may be recorded.

Through this lawsuit, Plaintiff sought to enforce and protect his right to privacy. And, in this regard, within days of the Summons and Complaint being served, Defendants began giving the warning that formed the basis for this action. Defendants vigorously deny all of Plaintiff's allegations.

### B.   PERTINENT PROCEDURAL HISTORY

On February 28, 2012, Plaintiff filed this class action lawsuit, alleging violations of the Privacy Act, common law invasion of privacy, and negligence. On May 4, 2012, HJI moved to dismiss the second cause of action for common law invasion of privacy and to strike Plaintiff's allegations seeking punitive damages. On August 7, 2012, the Court granted HJI's motions to dismiss and strike. On January 10, 2013, Plaintiff filed an amendment to the Complaint adding WHG as a

2

defendant. Also named as a Doe defendant was Wyndham Hotels and Resorts, LLC, who was subsequently dismissed after a tolling agreement between the parties was executed. Moreover, as discussed below, significant discovery was undertaken in this action, which included numerous sets of interrogatories and requests for production, as well as third-party subpoenas, resulting in the production of nearly 4,000 pages of documents. Additionally, Plaintiff's deposition was taken, and the depositions of three of Defendants' corporate designees were taken in Aberdeen, South Dakota. Young Decl. ¶ 5. Following this extensive discovery, Plaintiff's Class Certification motion was fully briefed, but in light of this pending Settlement, the motion has not been heard.

## C.     THE NATURE OF THE  SETTLEMENT NEGOTIATIONS

In addition to being well-informed via the significant discovery undertaken in this case, Plaintiff's counsel are, or have also been, counsel of record in several other putative class actions pending in this District and in California state courts which involve the surreptitious recording of telephone calls involving California residents. *See Boeddeker v. U-Haul Int'l. Inc.*, Case No. 14-cv-3115 (pending before the Honorable George H. Wu); *Nader v. Capital One Bank (USA), N.A.*, Case No. 12-cv-01265; *Mount v. Wells Fargo Bank, N.A.,* California Superior Court, Los Angeles County, Case No. BC395959; *Greenberg v. E-TRADE Fin. Corp.*, California Superior Court, Los Angeles County, Case No. BC360102; *Raymond v. CarsDirect.com Inc.*, California Superior Court, Los Angeles County, Case No. BC256282. Class Counsel's experience in the above litigation has enabled them to be very conversant with the various legal and factual issues presented in this case and to approach settlement negotiations with a wealth of relevant knowledge gained from the other litigation.

Only after the above-described, hard-fought litigation, the parties retained the Honorable Leo Papas (Ret.) to serve as a third party neutral on November 4, 2014. The mediation on that date was unsuccessful, but the Parties continued settlement

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

discussions through Judge Papas. On November 21, 2014, Judge Papas made a mediator's recommendation, which both Parties accepted. At all times, the settlement negotiations, while professional, were adversarial, non-collusive, and conducted at arm's-length. Young Decl. ¶ 4.

## III.   SETTLEMENT TERMS

The proposed settlement Class consists of all persons who were California residents and who telephoned Howard Johnson's toll-free reservations while physically located in California, between February 28, 2011, and March 23, 2012, who spoke to a call center agent and who did not consent to their telephone conversation being recorded. *See* Settlement Agreement, Sec. III(A). So as to compensate those Class Members, Defendants will transfer the Settlement Amount of $1,500,000 into the Settlement Fund. The Net Settlement Amount will be the Settlement Amount less the Court-approved attorneys' fees and litigation expenses, the Court-approved service payment to Plaintiff Stone, and the costs of claims administration. Settlement Agreement, Sec. VIII(A). Each Participating Class Member will receive a settlement payment equal to the Net Settlement Amount divided by the number of Participating Class Members; however no Participating Class Member will receive a settlement payment greater than $5,000.[2] *Id*.

### A.   NARROWLY TAILORED RELEASE

The Settlement Agreement contains a narrowly tailored release that is specifically limited to claims arising out of the allegations in this case relating to the intercepting, monitoring and/or recording of telephone calls or other communications. *See* Settlement Agreement, Sec. IX. The release comports with the

---

[2] This amount is the maximum statutory award recoverable under Cal. Penal Code section 637.2 and will also serve to prevent any individual Class Member from receiving a windfall.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT

applicable law, which holds that a class action lawsuit may release all claims "that may arise out of the transactions or events pleaded in the complaint." *See* Conte & Newberg, 4 *Newberg on Class Actions* (4th ed. 2010) ("Newberg") § 12:15, at 312; *see also Nat'l Super Spuds, Inc. v. New York Mercantile Exchange,* 660 F.2d 9, 16-18 (2d Cir. 1981).

## B.   ATTORNEYS' FEES AND COSTS AND SERVICE PAYMENT

The Settlement Agreement allows Class Counsel to make an application to the Court for an award of attorneys' fees and costs, payable from the Settlement Fund. Defendants will take no position regarding these requests. Settlement Agreement, Sec. V. Class Counsel will seek an award of attorneys' fees not to exceed 25% of the Settlement Amount, in addition to reimbursement for costs not to exceed $150,000.[3] *See Torrisi v. Tucson Elec. Power Co*., 8 F.3d 1370, 1376 (9th Cir. 1993) (establishing 25% of the settlement fund as the "benchmark" award for attorney fees in the Ninth Circuit.).

Plaintiff Stone will also be allowed to make an application to the Court for a service payment of $10,000, which is intended as compensation for the telephone call he claims was recorded without notice or consent as well as compensation for instituting, prosecuting and bearing the laboring oar and risk of this litigation as Class Representative, including his responding to written discovery, sitting for his deposition, communicating with Class Counsel throughout the litigation as well as telephonic participation at the mediation. *See* Settlement Agreement Sec. VI; *see also* Declaration of Loren Stone in Support of Mot. for Preliminary Approval ("Stone Decl.") ¶ 5.

---

[3] This amount of $150,000 would include reimbursement of costs to the Claims Administrator for its services.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

### C.    COMPREHENSIVE NOTICE PROGRAM

To alert Class Members of their rights under the Settlement, the Settlement Agreement provides for a comprehensive notice program that allows for notice to be sent by email, which will be substantially in the form of the Class Notice, and/or by regular mail.[4] *See* Settlement Agreement, Sec. VII(B); *see also* Declaration of Alan Vasquez in Support of Mot. for Preliminary Approval ("Vasquez Decl.") ¶ 14. In addition, notice will be publicized in USA Today in an advertisement size of at least ¼ of a page. Publication will further be supplemented by paid online advertising consisting of banner advertisements and a paid insert on TopClassActions.com. *See* Settlement Agreement, Sec. VII(D). As set forth in detail below, the notice program satisfies the requirements of Rule 23 and seeks to give Class Members notice of the Settlement.

### D.    CY PRES DISTRIBUTION OF COMMON FUND REMAINDER

In the event that any portion of the Settlement Fund remains unclaimed, or any check sent to any Authorized Claimant remains uncashed for more than 120 days after issuance, then such unclaimed or uncashed funds will become available to a cy pres recipient mutually agreed upon by the parties and approved by the Court. Settlement Agreement, Secs. VIII(B)-(C). No later than five court days before the hearing on this Motion, the parties will submit a stipulation to the Court containing information regarding a proposed cy pres recipient. Under no circumstances will any portion of the Settlement Fund revert to Defendants. Settlement Agreement, Secs.

---

[4] E-mails to Class Members will contain the Long Form Class Notice ("Class Notice"), while regular mail to Class Members will be in the form of the Post Card Class Notice. To maximize the Class Notice's reach rate, where a Class Member's email and mail addresses are both known, the Class Member will receive both forms of notice.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

IV(B), VIII(C).

## IV.   LEGAL ANALYSIS

### A.   STANDARD FOR PRELIMINARY APPROVAL

Rule 23(e) requires court approval of any settlement of claims on behalf of a certified class. In the Ninth Circuit, "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

To grant preliminary approval of a class action settlement, a court need only find that the settlement is within "the range of reasonableness" to justify publishing and sending notice of the settlement to class members and scheduling final approval proceedings. *See Van Ba Ma v. Covidien Holding, Inc.*, 2014 U.S. Dist. LEXIS 13296, *10 (C.D. Cal. Jan. 31, 2014). The approval of a proposed class action settlement "is committed to the sound discretion of the trial judge." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). In exercising this discretion, the trial court must give "proper deference to the private consensual decision of the parties," as "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at 1027.

In making a preliminary determination of the fairness, reasonableness, and adequacy of a class action settlement, the trial court must balance a number of factors, including:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). At the preliminary approval stage, a final analysis of the settlement's merits is not warranted. Instead, a more detailed assessment is reserved for final approval, after class notice has been sent and class members have had the opportunity to object to, or opt out of, the settlement. *See Moore's Fed. Prac.* ¶ 23.165 (3d ed. 2009).

**B.    THE    SETTLEMENT    SHOULD    BE    PRELIMINARILY APPROVED**

As this Court has recognized, due to the provisional nature of preliminary approval, "courts grant preliminary approval where the proposed settlement lacks obvious deficiencies raising doubts about the fairness of the settlement." Order Granting Mot. for Preliminary Approval at 5, *Ellison v. Steven Madden, Ltd.*, No. 11-cv-5935 PSG-AGRx (C.D. Cal. Sept. 25, 2012), ECF No. 45 (internal quotations omitted) (hereinafter "*Ellison*"). Here, settlement was reached only after significant discovery was undertaken and a mediator's proposal was provided. *See id.* at 7 (discussing factors weighing in favor of finding settlement negotiations fair). Counsel for Plaintiff and the Class have substantial experience in class action litigation, privacy rights, and, in particular, similar litigation currently pending in other class actions involving call recording. In their view, the proposed Settlement at this juncture is well within "the range of reasonableness" and is fundamentally fair, adequate, and reasonable when analyzed using the *Churchill* factors, as set out below.[5]

---

[5] The last two *Churchill* factors are not addressed since they are, respectively, not applicable (there is no government participant), or are premature (the Class has not yet received notice).

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

### 1. The Strength of Plaintiff's Case Compared to the Risk, Expense, Complexity, and Likely Duration of Further Litigation

Although Class Counsel's opinion is that this case is a strong one, it must be noted that there has not been a ruling on the substantive issue underlying the litigation – whether the phone calls at issue in this case constitute "confidential communications" within the meaning of California Penal Code § 632(a). Should the Settlement not be approved, further litigation would ensue over whether there exists a reasonable expectation that no one was secretly listening to Plaintiff's phone conversations with Defendants' call centers and the merits of Plaintiff's legal and damages theories.[6] While the continuation of this litigation would not likely result in an increased benefit to the Class (and Defendants would argue it would resolve on the merits in its favor), it would lead to a very substantial expenditure in attorneys' fees and costs by both parties. Indeed, should this matter proceed and Plaintiff prevail, whether through a trial on the merits or through motion practice, Defendants would likely appeal to the Ninth Circuit resulting in further expense and delay. In reality, should this matter not be settled at this juncture, the only certainty is years of litigation.

### 2. The Risk of Maintaining Class Action Status Throughout the Trial

As set out more fully below, Plaintiff submits that this action could be

---

[6] Indeed, the legal claims asserted herein have not always been met with successful results. *See*, *e.g.*, *Faulkner v. ADT Security Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) (plaintiff's allegations insufficient to infer an objectively reasonable expectation of confidentiality on a phone conversation he had with defendant.); *see also Weiner v. ARS Nat'l Servs.*, 887 F. Supp. 2d 1029, 1033 (S.D. Cal. 2012) (circumstances surrounding plaintiff's phone conversation with defendant showed he did not have "an objectively reasonable expectation that the conversation was not being recorded.").

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

properly maintained as a class action. First, the numerosity, commonality, typicality, and adequacy of representation requirements under Rule 23(a) are met. Next, Rule 23(b)(3) is satisfied because "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation and citation omitted). However, Plaintiff recognizes that there are significant hurdles to class certification in this case. For example, Defendants have argued that variations among the Class Members' individual expectations of whether their calls were being recorded preclude certification under Rule 23(b)(3). *See* Opp'n to Pls.' Mot. Class Cert. 16-17 [Doc. 79]. Although Plaintiff is confident that this action can be maintained as a class action, the risk of maintaining class action status throughout trial weighs in favor of preliminary approval.

### 3.    The Amount Offered in Settlement

Under the Settlement, Class Members who make claims will be compensated for the telephone calls they claim were recorded without notice or consent. The following survey of recent privacy class action settlements illustrates that, in this case, the Settlement Amount, in proportion to the size of the Class, is substantially greater than in similar cases because the gross award amount is equal to $139.43 ($1,500,000 divided by 10,758[7] Class Members):

| CASE | SIZE OF CLASS | SETTLEMENT AMOUNT | RATIO OF SETTLEMENT TO CLASS SIZE |
|------|---------------|-------------------|-----------------------------------|
|      |               |                   |                                   |

---

[7] Vasquez Decl. ¶ 6.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT

| | | | |
|---|---|---|---|
| *McDonald v. Bass Pro Outdoor World, LLC* (13-cv-889-BAS) (S.D. Cal.) | 35,046 | $6,000,000 | $171.20 |
| **Instant Case** | **10,758** | **$1,500,000** | **$139.43** |
| *Reed v. 1-800 Contacts, Inc.* (12-cv-02359) (S.D. Cal.) | 99,884 | $11,700,000 | $117.14 |
| *Raymond v. Carsdirect.com* (BC256282) (Los Angeles Superior Court) | 129,000+ | $4,100,000 | $31.78 |
| *Marenco v. Visa Inc.* (10-cv-8022) (C.D. Cal.) | 600,000 | $18,000,000 | $30.00 |
| *Zaw v. Nelnet Business Solutions, Inc. et al.,* (3:13-cv-05788-RS) (N.D. Cal.) | 104,122 | $1,188,110 | $11.41 |
| *Batmanghelich v. Sirius XM* (09-cv-9190) (C.D. Cal.) | 1,000,000+ | $9,480,000 | $9.48 |
| *Mount v. Wells Fargo* (BC395959) (Los Angeles Superior Court) | 604,120 | $5,600,000 | $9.27 |
| *Greenberg v. E*TRADE* (BC360152) (Los Angeles Superior Court) | 1,410,865 | $7,500,000 | $5.32 |
| *Pepper v. Midland Credit Management, Inc., et al.,* (37-2011-00088752-CU-BT-CTL) (San Diego Superior Court) | 1,675,821 | $4,500,000 | $2.69 |
| *Cohorst v BRE* (10-cv-2666) (S.D. Cal.) | 2,600,000+ | $5,500,000 | $2.12 |

Thus, the amount offered in settlement, arrived at after intensive arm's-length

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

11

negotiations, is a significant recovery for the Class in light of the risks of further litigation and Defendants' likely defenses.

### 4.   The Extent of Discovery Completed and the Stage of the Proceedings

As stated above, significant discovery was undertaken in this action including, but not limited to, numerous sets of interrogatories and requests for production propounded by Plaintiff Stone on HJI and WHG, as well as third-party subpoenas served on Defendants' call center vendor and the manufacturer of Defendants' call recording system, resulting in the production of nearly 4,000 pages of documents. Additionally, Plaintiff's deposition was taken, and the depositions of three of Defendants' corporate designees were taken in Aberdeen, South Dakota. Young Decl. ¶ 5. This information provided Plaintiff with sufficient evidence to evaluate the strengths and weaknesses of his claims and the benefits of the proposed Settlement. *Id*.

It is also significant that this action has been subject to a motion to dismiss and that Plaintiff's motion for class certification was fully briefed and awaiting oral argument at the time the Settlement was reached. Thus, Plaintiff was well informed not only of the basis for the claims and allegations herein, but also of Defendants' defenses.

### 5.   The Experience and Views of Counsel

Plaintiff and the Class Members are represented in this case by counsel who have significant experience in complex class action litigation, have negotiated numerous other substantial settlements, and have the ability to litigate this case on a classwide basis if a fair settlement was not offered. *See* Young Decl. ¶ 7; Declaration of Kenneth M. Lipton (hereinafter "Lipton Decl.") ¶¶ 4-5. Class Counsel include attorneys highly experienced in privacy rights and class action litigation, and their expertise helped inform the settlement negotiations and the

12

drafting of the Settlement Agreement. In negotiating the Settlement, Class Counsel drew on their considerable experience, skill, and expertise in determining that the Settlement was fair, reasonable, and adequate. Young Decl. ¶ 7.

## C.   THE PROPOSED NOTICE PROGRAM MORE THAN SATISFIES RULE 23

Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise."  Notice to the class must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. Proc. 23(c)(2)(B); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). The notice must contain the following information: (1) the nature of the action; (2) the definition of the class; (3) the class claims, issues, or defenses; (4) that any class member may appear at the fairness hearing through an attorney; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a judgment on class members. Fed. R. Civ. Proc. 23(c)(2)(B).

Here, the majority of the members of the Class can be identified and located from the records of WHG and HJI. Defendants compiled a Database containing the unique telephone number for each telephone call made to Howard Johnson's toll-free reservations from a California area code that was recorded by its call center during the Class Period and, if available, the name, address and/or e-mail of the Class Member who is associated with that telephone number as reflected in WHG's and HJI's Database. Settlement Agreement, Sec. VII(A). The Claims Administrator

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

will mail or e-mail the Court-approved Class Notice and Claim Form[8] to each Class Member whose name and last-known address or e-mail address is contained in the Database. Settlement Agreement, Sec. VII(B). If the Database identifies a telephone number with no associated mailing or e-mail address, the Claims Administrator will perform a "reverse lookup" of the telephone number to ascertain, if possible, the last known mailing address associated with the number. Vasquez Decl. ¶ 11. Before sending notice through mail, names and addresses will be run through the National Change of Address Database and, if applicable, the mailing address will be adjusted accordingly. *Id.* ¶ 15.

As for Class Members who are not identified in the Database, notice will be provided by publication substantially in the form of the Publication Notice in USA Today (in the editions within distribution zones covering California) in a size of at least 1/4 of a page, which shall include the web address of the Claims Administrator's website. Settlement Agreement, Sec. VII(D). Publication will further be supplemented by paid online advertising consisting of banner advertisements and a paid insert on TopClassActions.com. *Id.* As this Court previously concluded, the above methods of notice satisfy all due process requirements. *See Ellison* at 13 ("the plan for contacting class members, by using

---

[8] The parties considered requesting Class Members' Social Security Numbers on the Claim Form, but decided not to do so, and will defer to the Court as to whether this request is appropriate. On one hand, requesting Social Security Numbers may potentially chill Class participation in the Settlement and raise privacy concerns. On the other hand, Class Members would likely have to provide this information anyway for tax purposes, because if individual awards exceed $600 per person, the Claims Administrator would need to solicit Social Security Numbers from the Class Members using an IRS W-9 form. If the Claims Administrator were required to do this, additional administrative costs will be incurred and the distribution of individual awards to class members would be delayed. *See* Vasquez Decl. ¶¶ 20-21.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

their phone numbers to obtain mailing addresses and through internet and print advertising, is reasonably likely to reach class members.")

In addition to the manner of giving notice to the Class, the contents of the notice itself satisfy Rule 23(c)(2)(B), as the notice includes all required elements: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *See* Class Notice, attached as Exhibit B to the Settlement Agreement.

Accordingly, the form of notice and the manner of giving notice should be approved.

### D. THE COURT SHOULD CERTIFY A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES

Before granting preliminary approval of a settlement, the Court must determine that the proposed Settlement Class is a proper class for settlement purposes. Manual for Complex Litig. (4th ed. 2004) § 21.632; *Amchem Prods.*, 521 U.S. at 620. Certification is appropriate where the proposed class and the proposed class representatives meet the four requirements of Rule 23(a) – numerosity, commonality, typicality and adequacy of representation – and one of the three requirements of Rule 23(b).

Plaintiff seeks certification of a Settlement Class, pursuant to Rules 23(a) and 23(b)(3), on behalf of all persons who were California residents and who telephoned Howard Johnson's toll-free reservations while physically located in California, between February 28, 2011, and March 23, 2012, and who did not consent to their telephone conversation being recorded. Settlement Agreement, Sec. III(A). For the reasons set out below, all of the required elements of class certification are satisfied.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

### 1.    The Requirements of Rule 23(a) Are Satisfied

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011). Under Rule 23(a), the party seeking certification must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Proc. 23(a).

#### a.    Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. Proc. 23(a)(1). "Generally, a plaintiff must show enough evidence of the class's size to enable the court to make commonsense assumptions regarding the number of putative class members." 1 Rubenstein, *Newberg on Class Actions*, § 3.13 (5th ed. 2011); *see also In re Itel Sec. Litig.*, 89 F.R.D. 104, 111-12 (N.D. Cal. 1981) ("Where the number of class members exceeds forty, and particularly where class members number in excess of one hundred, the numerosity requirement will generally be . . . met."). Here, more than ten thousand California residents placed telephone calls to Howard Johnson's toll-free reservations during the Class Period. *See* Vasquez Decl. ¶ 6. On that basis alone, the numerosity requirement is satisfied.

The Class is also ascertainable because, as explained further in Plaintiff's Motion for Class Certification, Defendants kept a database of recorded inbound calls made to Howard Johnson's toll-free phone numbers that were routed to their call center. From those records, Class Members can be identified by means of a reverse lookup. *See* Pl.'s Mot. Class Cert. 13 [Doc. 55-1].

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

16

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

### b.     Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class."   Fed. R. Civ. Proc. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'"   *Dukes*, 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Class members' claims "must depend upon a common contention . . . that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."   *Id.* at 2545. "What matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation."   *Id.* at 2551.

Here, the claims of all Class Members depend upon a common contention that the secret recording of telephone calls with Class Members violated the Privacy Act and the rights of Plaintiff Stone and Class Members. Plaintiff's claims are based upon the same conduct by Defendants, based on common practices and procedures applicable to all members of the Class, resulting in the litigation of common legal issues. Further, the common questions of law and fact presented in this case could only be effectively and efficiently resolved in a classwide proceeding that would generate common answers to those questions, which are as follows:

1. Whether, during the Class Period, Defendants' call center vendor had a policy and practice of recording telephone conversations with Defendants' consumers;

2. Whether, during the Class Period, Defendants' call center vendor installed Call Recording Technology to implement its policy of recording telephone conversations with Defendants' consumers;

3. Whether, during the Class Period, Defendants' call center vendor recorded telephone conversations with Defendants' consumers;

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT

4. Whether, during the Class Period, Defendants' call center vendor failed to warn Class Members that the telephone conversation was recorded;

5. Whether the recorded telephone calls constituted "confidential" communications under California Penal Code Section 632; and

6. Whether the call center vendor's recording of Plaintiff's and Class Members' telephone conversations without warning during the Class Period constitutes violations of California Penal Code Section 632.

### c.    Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class". Fed. R. Civ. Proc. 23(a)(3). The Ninth Circuit has observed this standard to be "permissive" and has held that "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020; accord, *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Further, "[t]he test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.' [Citation.]" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Because Plaintiff Stone engaged in a telephone conversation with Howard Johnson's toll-free reservations number which was recorded without warning, which is the identical scenario which gives rise to the claims of the other members of the Class, he satisfies the typicality requirement as Class Representative. *Id.* ("Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.").

### d.    Adequacy of Representation

Rule 23(a)(4) permits class certification only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Proc. 23(a)(4).

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

In assessing whether this requirement has been met, the court asks: (1) whether the proposed representative plaintiff and their counsel have conflicts of interest with the proposed class, and (2) whether plaintiff is represented by qualified and competent counsel. *See Hanlon*, 150 F.3d at 1020.

Plaintiff does not have any conflicts of interest with the proposed Class. Plaintiff's claims are identical to the claims of other Class Members and arise from the same conduct by Defendants. Plaintiff and other Class Members have suffered the same injury, and Plaintiff seeks relief equally applicable and beneficial to the Class.

Further, Plaintiff is represented by qualified and competent counsel who have the experience and resources necessary to vigorously pursue this action. As evidenced by the firm resumes attached to the declarations of Messrs. Young and Lipton, the firms retained by Plaintiff have substantial class action experience, including particular experience in litigating Privacy Act claims. *See* Young Decl. ¶ 7; Lipton Decl. ¶ 4. Plaintiff and his counsel are able to fairly and adequately protect the interests of the Class.

## 2.        The Requirements of Rule 23(b)(3) Are Satisfied

In addition to meeting the prerequisites of Rule 23(a), a class action must satisfy at least one of the three conditions of Rule 23(b). Plaintiff submits that the Settlement Class satisfies Rule 23(b)(3).

Under Rule 23(b)(3), a class action may be maintained if: "[1] the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and [2] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Proc. 23(b)(3). Here, common questions predominate over any individualized inquiries relating to Class Members. Plaintiff's claims are based upon a common course of alleged conduct undertaken by Defendants with respect to every member of the Class: Defendants violated the Privacy Act by secretly

19

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

recording telephone calls with Class Members. These liability issues are common to Plaintiff and all members of the Class – and, in fact, if every Class Member were to bring an individual action, they all would be required to prove the existence of the same alleged wrongful course of conduct on the part of Defendants in order to prove liability. Indeed, it is difficult to discern any liability issues that are not common to the claims of all members of the Class, and these issues predominate over any individual ones.

As for superiority, the inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'" *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780 at 562 (2d ed. 1986)). "[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." Federal Practice and Procedure, § 1779 at 174 (2005). This action easily satisfies such requirements. First, the members of the class, should they even learn of their respective claims, would likely not be interested in undertaking the burden of litigating this case and filing their own action. Furthermore, especially in a Class so numerous, "the alternative to class action – individualized cases – would be inefficient, costly, and unwieldy[.]" *Ellison*, at 5. This shows that one action is superior to duplicative actions, individual or otherwise.

Thus, this action is appropriate for class certification for settlement purposes, embodying all the hallmarks, both in form and in substance, of class actions routinely certified in this Circuit as has been discussed at length herein.

## V.   **ATTORNEYS' FEES AND COSTS AND THE SERVICE PAYMENT**

The Settlement Agreement states that Class Counsel may apply to the Court for an award of attorneys' fees and costs, payable from the Settlement Fund. Class Counsel will seek an award of attorneys' fees not to exceed 25% of the Settlement

20

Amount, in addition to reimbursement for costs not to exceed $150,000. By doing so, Class Counsel expect to recover an award near, or below, their actual lodestar.

Plaintiff Stone will also be allowed to make an application to the Court for a service payment of $10,000, which is intended as compensation for the telephone call he claims was recorded without notice or consent as well as compensation for instituting, prosecuting and bearing the laboring oar and risk of this litigation as Class Representative, including his responding to written discovery, sitting for his deposition, communicating with Class Counsel throughout the litigation as well as telephonic participation at the mediation. Settlement Agreement Sec. VI; *see also* Stone Decl. ¶ 5. Again, shortly after Plaintiff filed this action, Defendants' allegedly wrongful conduct ceased. The service payment is designed to reward the Class Representative for his service to the Class, and is consistent with Ninth Circuit precedent that holds enhancement awards cannot be conditioned on class representatives' support for the settlement. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1161 (9th Cir. 2013).

The Notice will explain the forthcoming motion for attorneys' fees, costs, and service payment so that Class Members will be aware of the proposed requests. The motion for attorneys' fees, costs, and service payment will be filed a reasonable time before the deadline for objections. *See* Settlement Agreement, Sec. VII(H); *see also In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010) (holding that class members should have adequate time to review motion for attorneys' fees before deadline for objections).

## VI.   THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE

The last step in the class settlement approval process is the final approval hearing, at which the Court may hear all evidence and argument necessary to evaluate the proposed settlement. At that hearing, proponents of the Settlement may explain and describe its terms and conditions and offer argument in support of

21

settlement approval. Members of the Class, or their counsel, may be heard in support of or in opposition to the settlement. Plaintiff proposes the following schedule for final approval of the Settlement as detailed in the accompanying proposed order:

| ACTION | TIME |
|---|---|
| Last day for Defendants to provide the Claims Administrator with the Database containing unique telephone numbers | 5 court days after preliminary approval |
| **"Notice Date":** Last day for Claims Administrator to mail and e-mail notice to Class Members, establish a settlement website, and cause the Publication Notice to be published in USA Today | 15 court days after preliminary approval |
| Last day for Claims Administrator to provide Defense Counsel and Class Counsel with a declaration attesting to completion of the notice process | 30 days after Notice Date |
| **"Claim/Exclusion Deadline":** Last day for Class Members to file a claim or request exclusion from the Settlement | 60 days after Notice Date |
| Last day for Class Counsel to file motion for final approval of settlement, Class Representative's service payment and application for attorneys' fees and costs | 90 days after preliminary approval |
| Last day for Class Members to object to the Settlement | 135 days after preliminary approval |
| Last day for Parties to file any response to objections | 150 days after preliminary approval |
| Hearing on motion for final approval of settlement, Class Representative's service payment, and application for attorneys' fees and costs | To be determined by the Court |

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

## VII.   <u>CONCLUSION</u>

For the reasons stated above, Plaintiff respectfully submits that the proposed Settlement is fair, adequate, and reasonable, and in the best interests of the Class. Accordingly, he respectfully requests that this Court: (a) certify the stipulated Class for settlement purposes; (b) grant preliminary approval of the Settlement; (c) approve the proposed form of notice; (d) schedule the dissemination of the notice; (e) schedule a hearing for final approval of the Settlement; and (f) schedule a hearing for Class Counsel's motion for an award of attorneys' fees, costs, and the requested service payment.

DATED: April 24, 2015          **KIESEL LAW LLP**


By:      */s/ Matthew A. Young*
PAUL R. KIESEL
JEFFREY A. KONCIUS
MATTHEW A. YOUNG

**LAW OFFICES OF KENNETH M. LIPTON**
Kenneth M. Lipton

Attorneys for Plaintiff LOREN STONE, on behalf of himself and all others similarly situated

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**