Paul R. Kiesel, State Bar No. 119854
  *kiesel@Kiesel-Law.com*
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@Kiesel-Law.com*
Matthew A. Young, State Bar No. 266291
  *young@Kiesel-Law.com*
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   (310) 854-4444
Fax:   (310) 854-0812

Kenneth M. Lipton, State Bar No. 82342
  *kenlipton998431@aol.com*
LAW OFFICES OF KENNETH M. LIPTON
5900 Sepulveda Boulevard, Suite 400
Van Nuys, California 91411
Tel:   (818) 780-3562
Fax:   (818) 780-9038

Attorneys for Plaintiff LOREN STONE,
on behalf of himself and all others
similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LOREN STONE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 - 10, <br><br> Defendants. | Case No. 12-CV-01684 PSG (MANx) <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** <br><br> Judge:   Hon. Philip S. Gutierrez <br> Date:    November 30, 2015 <br> Time:    1:30 p.m. <br> Crtrm.:  880 - Roybal |

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 30, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Philip S. Gutierrez, United States District Court, Central District of California, Western Division, Plaintiff Loren Stone will and hereby does move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the entry of an Order granting final approval to the class settlement reached herein.

This Motion is unopposed by Defense Counsel, all counsel have had communications regarding the filing of the instant Motion and it is being filed at the direction of the Court so that the parties have substantially complied with Local Rule 7.3.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities in support thereof, the Declarations of Class Counsel and the Claims Administrator, the pleadings and papers on file in this action, and such oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: September 11, 2015          **KIESEL LAW, LLP**


By:  */s/ Jeffrey A. Koncius*
         PAUL R. KIESEL
         JEFFREY A. KONCIUS
         MATTHEW A. YOUNG
         Attorneys for Plaintiff and the Class

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ........................................................................ 1

II.   BACKGROUND ........................................................................................... 2

    A.   STATEMENT OF FACTS ................................................................. 2

    B.   PERTINENT PROCEDURAL HISTORY ......................................... 3

    C.   THE NATURE OF THE  SETTLEMENT NEGOTIATIONS ............. 3

III.  SETTLEMENT TERMS ............................................................................... 4

    A.   NARROWLY TAILORED RELEASE ................................................ 5

    B.   ATTORNEYS'   FEES   AND   COSTS   AND   SERVICE
         PAYMENT ........................................................................................ 6

    C.   *CY   PRES*   DISTRIBUTION   OF   COMMON   FUND
         REMAINDER ...................................................................................... 7

    D.   PRELIMINARY SETTLEMENT APPROVAL, NOTICE AND
         CLASS REACTION TO DATE ......................................................... 8

IV.   LEGAL ANALYSIS ..................................................................................... 9

    A.   STANDARD FOR FINAL APPROVAL ............................................ 9

    B.   THE SETTLEMENT SHOULD BE FINALLY APPROVED ........... 11

         1.   The Strength of Plaintiff's Case Compared to the Risk,
             Expense, Complexity, and Likely Duration of Further
             Litigation ................................................................................ 11

         2.   The Risk of Maintaining Class Action Status Throughout
             the Trial .................................................................................. 12

         3.   The Amount Offered in Settlement .......................................... 13

         4.   The Extent of Discovery Completed and the Stage of the
             Proceedings ............................................................................ 14

         5.   The Experience and Views of Counsel ..................................... 14

         6.   The Reaction of the Class Has Been Overwhelmingly
             Positive ................................................................................... 15

         7.   The   Settlement   Agreement   Was   Reached   Without
             Collusion ................................................................................ 16

    C.   UNDISTRIBUTED MONIES SHOULD BE DISTRIBUTED
         TO THE CLASS *CY PRES* ............................................................ 16

    D.   PURSUANT TO RULE 23 NOTICE WAS GIVEN TO THE

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

i

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**

CLASS WHICH ALLOWED CLASS MEMBERS TO EXCLUDE THEMSELVES FROM THE SETTLEMENT AND CONTINUES TO ALLOW THEM TO OBJECT ................................. 18

E.   THE COURT SHOULD FINALLY CERTIFY A SETTLEMENT CLASS ............................................................ 20

1.   The Requirements of Rule 23(a) Are Satisfied ......................... 21

a.   Numerosity ................................................. 21

b.   Commonality ............................................... 21

c.   Typicality .................................................... 22

d.   Adequacy of Representation ........................... 23

2.   The Requirements of Rule 23(b)(3) Are Satisfied .................... 23

V.   CONCLUSION .................................................................... 25

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

<div style="text-align:left; writing-mode: vertical">

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

### CASES

*Amchem Prods., Inc. v. Windsor*
  521 U.S. 591 (1997) ..................................................................... 18, 20

*Churchill Vill., L.L.C. v. Gen. Elec.*
  361 F.3d 566 (9th Cir. 2004) ...................................................... 11

*Ellison v. Steven Madden, Ltd.*
  No. 11-cv-5935 PSG-AGRx (C.D. Cal. Sept. 25, 2012) ............. 20, 25

*Faulkner v. ADT Security Servs., Inc.*
  706 F.3d 1017 (9th Cir. 2013) .................................................... 12

*Gen. Tel. Co. of Sw. v. Falcon*
  457 U.S. 147 (1982) .................................................................... 22

*Gulf Oil Co. v. Bernard*
  452 U.S. 89 (1981) ...................................................................... 21

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) .......................................... 10, 13, 22, 23

*Hanon v. Dataproducts Corp.*
  976 F.2d 497 (9th Cir. 1992) ...................................................... 22

*In re Bluetooth Headset Prod. Liab. Litig.*
  654 F.3d 935 (9th Cir. 2011) ...................................................... 16

*In re Synocor ERISA Litig.*
  516 F.3d 1095 (9th Cir. 2008) .................................................... 9

*Lane v. Facebook, Inc.*
  696 F.3d 811 (9th Cir. 2012) ................................................ 16, 17

*Larsen v. Trader Joe's Co.*
  No. 11-cv-05188-WHO, 2014 U.S. Dist. LEXIS 95538 (N.D. Cal. July
  11, 2014) ...................................................................................... 15

*Linney v. Cellular Alaska P'ship*
  151 F.3d 1234 (9th Cir. 1998) ............................................... 12, 13

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*
  No. 2:12-CV-05122 MRP (MANx), 2013 U.S. Dist. LEXIS 179190
  (C.D. Cal. Dec. 5, 2013) .............................................................. 15

*Nachshin v. AOL, LLC*
  663 F.3d 1034 (9th Cir. 2011) .................................................... 17

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*
  221 F.R.D. 523 (C.D. Cal. 2004) ................................................ 15

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

*Nat'l Super Spuds, Inc. v. New York Mercantile Exchange*
   660 F.2d 9 (2d Cir. 1981) ................................................................. 6

*Officers for Justice v. Civil Serv. Comm'n*
   688 F.2d 615 (9th Cir. 1982) ......................................................... 13

*Six (6) Mexican Workers v. Arizona Citrus Growers*
   904 F.2d 1301 (9th Cir. 1990) ....................................................... 16

*Staton v. Boeing Co.*
   327 F.3d 938 (9th Cir. 2003) ......................................................... 22

*Torrisi v. Tucson Elec. Power Co.*
   8 F.3d 1370 (9th Cir. 1993) ............................................................. 6

*Wal-Mart Stores, Inc. v. Dukes*
   131 S. Ct. 2541 (2011) ............................................................ 21, 22

*Weiner v. ARS Nat'l Servs.*
   887 F. Supp. 2d 1029 (S.D. Cal. 2012) ......................................... 12

*Young v. Polo Retail, LLC*
   2007 U.S. Dist. LEXIS 27269 (N.D. Cal. Mar. 28, 2007) ............... 14

*Zinser v. Accufix Research Inst., Inc.*
   253 F.3d 1180 (9th Cir. 2001) ....................................................... 24


**STATUTES**

Cal. Penal Code § 630 .......................................................................... 1

Cal. Penal Code § 632(a) ................................................................... 11


**RULES**

Fed. R. Civ. P. 23 .................................................................................. 1

Fed. R. Civ. P. 23(a) ....................................................... 12, 20, 21, 23

Fed. R. Civ. P. 23(a)(1) ..................................................................... 21

Fed. R. Civ. P. 23(a)(2) ..................................................................... 21

Fed. R. Civ. P. 23(a)(3) ..................................................................... 22

Fed. R. Civ. P. 23(a)(4) ..................................................................... 23

Fed. R. Civ. P. 23(b) .......................................................................... 20

Fed. R. Civ. P. 23(b)(3) .............................................................. passim

iv          **PLAINTIFF'S NOTICE OF MOTION AND**
            **MOTION FOR FINAL APPROVAL OF CLASS**
            **SETTLEMENT**

Fed. R. Civ. P. 23(c)(2)(B) ..................................................................18, 20

Fed. R. Civ. P. 23(e) ................................................................................9

Fed. R. Civ. P. 23(e)(1) ..........................................................................18

**TREATISES**

1 Rubenstein, *Newberg on Class Actions* (5th ed. 2011) ........................21

7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal
  Practice and Procedure § 1780 (2d ed. 1986) ...................................24

Conte & Newberg, 4 *Newberg on Class Actions* (4th ed. 2010)................6

Manual for Complex Litigation § 21.632 (4th ed. 2004) .........................10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully submits this Memorandum of Law in support of his Motion for Final Approval of Class Action Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

## I. PRELIMINARY STATEMENT

After extensive litigation, the parties reached agreement on settling this matter. Rather than needlessly expend both party and judicial resources in litigating any further, the parties engaged in settlement negotiations so that if this matter could be resolved on a classwide basis, such relief could be provided in an expeditious and economical fashion. As a result of arm's-length negotiations, which included an all-day mediation session with the Honorable Leo Papas (Ret.) of Judicate West and numerous phone conferences, the parties have entered into a settlement agreement resolving this case (hereinafter, the "Settlement"). Pursuant to the Settlement Agreement (the "Settlement Agreement," a copy of which is attached as Exhibit 1 to the Declaration of Matthew A. Young, executed September 11, 2015 ("Young Decl.")), Defendants Howard Johnson International, Inc. ("HJI") and Wyndham Hotel Group, LLC ("WHG") (collectively "Defendants") have agreed, among other things, to transfer $1.5 million ("Settlement Amount")[1] into an interest-bearing account administered by the Claims Administrator ("Settlement Fund"). The Settlement Fund will be used to pay claims for Defendants' alleged violations of California's Privacy Act (Cal. Penal Code §§ 630, et seq.; the "Privacy Act"). The Settlement represents an excellent result to the Class Members. As it stands, Class Counsel expect claimants who submitted timely and valid claims to each receive an

---

[1] Unless otherwise defined herein, all capitalized terms have the definition set forth in the Settlement Agreement.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  individual award of $781.38.[2] *See* Sec. III, *infra*.

2      This Court has previously found that the Settlement satisfies all of the criteria

3  for preliminary settlement approval and, it is now submitted, that in light of the

4  hundreds of claims that have been made, with no objections or requests for

5  exclusion, this Court should grant final approval. Accordingly, Plaintiff requests that

6  the Court finally certify the stipulated Class for settlement purposes, grant final

7  approval of the proposed Settlement, and direct distribution to the Class of the

8  proceeds accordingly.[3]

9  **II.    BACKGROUND**

10     **A.    STATEMENT OF FACTS**

11     Plaintiff Loren Stone, a California citizen, placed two telephone calls to

12  Defendant Howard Johnson's toll-free reservations number to make a hotel

13  reservation. Plaintiff alleges that Defendants' agents recorded those calls but did not

14  warn him about the recordings, thereby violating the plain terms of the Privacy Act.

15  The operative Complaint asserts causes of action for negligence and invasion of

16  privacy in violation of the Privacy Act, which requires all parties to consent to the

17  recording of a telephone call. Specifically, Plaintiff alleges that Defendants, having

18  failed to obtain such consent at the outset of each call, are liable to Plaintiff and the

19  members of the proposed Class who made telephone calls to Howard Johnson's toll-

20  free reservations and were not informed that the calls may be recorded.

21

22  _____

23

24  [2] And, as further explained below, if all claimants who submitted invalid claims

25  properly cure them, each claimant would still receive a substantial individual award

of $107.07. *See* Sec. III, *infra*.

26  [3] By way of a separate motion, filed concurrently herewith, Plaintiff seeks payment

27  for his attorneys' costs and expenses, as well as a service payment.

28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**

Through this lawsuit, Mr. Stone sought to enforce and protect his right to privacy. And, in this regard, within days of the Summons and Complaint being served, Defendants began giving the warning that formed the basis for this action. Defendants vigorously deny all of Plaintiff's allegations.

## B.    PERTINENT PROCEDURAL HISTORY

On February 28, 2012, Plaintiff filed this class action lawsuit, alleging violations of the Privacy Act, common law invasion of privacy, and negligence. On May 4, 2012, HJI moved to dismiss the second cause of action for common law invasion of privacy and to strike Plaintiff's allegations seeking punitive damages. On August 7, 2012, the Court granted HJI's motions to dismiss and strike. On January 10, 2013, Plaintiff filed an amendment to the Complaint adding WHG as a defendant. Also named as a Doe defendant was Wyndham Hotels and Resorts, LLC, who was subsequently dismissed after a tolling agreement between the parties was executed. Significant discovery was undertaken in this action, which included numerous sets of interrogatories and requests for production, as well as third-party subpoenas, resulting in the production of nearly 4,000 pages of documents. Additionally, Plaintiff's deposition was taken, as well as the depositions of three of Defendants' corporate designees which were taken in Aberdeen, South Dakota. Young Decl. ¶ 5. Following this discovery, Plaintiff's Class Certification motion was fully briefed, but in light of this pending Settlement, the motion has not been heard. *Id*. ¶ 6.

## C.    THE NATURE OF THE  SETTLEMENT NEGOTIATIONS

In addition to being well-informed via the discovery undertaken in this case, Plaintiff's counsel are, and have also been, counsel of record in several other putative class actions pending in this District and in California state courts which involve the surreptitious recording of telephone calls with California residents. *See Nader v. Capital One Bank (USA), N.A.*, Case No. 12-cv-01265-DSF-RZ (C.D. Cal.); *Mount v. Wells Fargo Bank, N.A.,* California Superior Court, Los Angeles

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

County, Case No. BC395959 ("*Mount* action"); *Greenberg v. E-TRADE Fin. Corp.*, California Superior Court, Los Angeles County, Case No. BC360102; *Raymond v. CarsDirect.com Inc.*, California Superior Court, Los Angeles County, Case No. BC256282. Class Counsel's experience in the above litigation has enabled them to be very conversant with the various legal and factual issues presented in this case and to approach settlement negotiations with a wealth of relevant knowledge gained from the other litigation.

Only after the above-described, hard-fought litigation, the parties retained the Honorable Leo Papas (Ret.) to serve as a third party neutral on November 4, 2014. The mediation on that date was unsuccessful, but the parties continued settlement discussions through Judge Papas. On November 21, 2014, Judge Papas made a mediator's proposal, which all parties accepted. At all times, the settlement negotiations, while professional, were adversarial, non-collusive, and conducted at arm's-length. Young Decl. ¶ 7.

## III. <u>SETTLEMENT TERMS</u>

The proposed settlement Class consists of all persons who were California residents and who telephoned Howard Johnson's toll-free reservations while physically located in California, between February 28, 2011, and March 23, 2012, who spoke to a call center agent and who did not consent to their telephone conversation being recorded. *See* Settlement Agreement, Sec. III(A). So as to compensate those Class Members, Defendants will transfer the Settlement Amount of $1,500,000 into the Settlement Fund. The Net Settlement Amount will be the Settlement Amount less the Court-approved attorneys' fees and litigation expenses, the Court-approved service payment to Plaintiff Stone, and the costs of claims administration. Settlement Agreement, Sec. VIII(A). Each Participating Class

Member will receive a settlement payment equal to the Net Settlement Amount divided by the number of Participating Class Members; however no Participating Class Member will receive a settlement payment greater than $5,000.[4] *Id*.

To date, the Claims Administrator has received 9,013 unique claims, 1,235 of which have been determined to be timely and valid. Supplemental Declaration of Kathleen Wyatt, executed September 11, 2015 ("Supp. Wyatt Decl.") ¶ 6. Therefore, if Class Counsel are granted their requested fees and costs and the costs of claims administration, and Plaintiff Stone receives his requested service payment, these claimants who submitted valid claims should each receive an individual award of $781.38.[5] As explained below, claimants who have submitted invalid claims will have the opportunity to cure the defect (*see* footnote 8, *infra*), and assuming every one of them does, the 9,013 claimants would still each receive a substantial individual award of $107.07.[6] Therefore, the Settlement represents an excellent result for the Class.

## A.    NARROWLY TAILORED RELEASE

The Settlement Agreement contains a narrowly tailored release that is specifically limited to claims arising out of the allegations in this case relating to the intercepting, monitoring and/or recording of telephone calls or other

_____

[4] This amount is the maximum statutory award recoverable under California Penal Code section 637.2.

[5] Plaintiff seeks: a) $375,000 in attorneys' fees; b) $12,968.85 in verified litigation costs to Class Counsel; c) $137,031.15 for the costs of claims administration; and d) $10,000.00 as a service payment. *See* Motion for Fees, Costs, and Service Payment, filed concurrently herewith. Thus, the $1.5 million Settlement, less these amounts, is $965,000.00 (the Net Settlement Amount). The Net Settlement Amount, divided by 1,235 claimants is $781.38.

[6] The Net Settlement Amount, divided by 9,013 claimants is $107.07.

communications. *See* Settlement Agreement, Sec. IX. The release comports with the applicable law, which holds that a class action lawsuit may release all claims "that may arise out of the transactions or events pleaded in the complaint." *See* Conte & Newberg, 4 *Newberg on Class Actions* (4th ed. 2010) ("Newberg") § 12:15, at 312; *see also Nat'l Super Spuds, Inc. v. New York Mercantile Exchange,* 660 F.2d 9, 16-18 (2d Cir. 1981).

## B.   ATTORNEYS' FEES AND COSTS AND SERVICE PAYMENT

The Settlement Agreement allows Class Counsel to make an application to the Court for an award of attorneys' fees and costs, payable from the Settlement Fund. Under the terms of the Agreement, Class Counsel may seek an award of attorneys' fees not to exceed 25% of the Settlement Amount, in addition to reimbursement for costs not to exceed $150,000.[7] *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (establishing 25% of the settlement fund as the "benchmark" award for attorney fees in the Ninth Circuit.).

Plaintiff Stone is allowed to make an application to the Court for a service payment of $10,000, which is intended as compensation for the telephone call he claims was recorded without notice or consent as well as compensation for instituting, prosecuting and bearing the laboring oar and risk of this litigation as Class Representative. *See* Settlement Agreement Sec. VI. In that role, he responded to written discovery, sat for his deposition, communicated with Class Counsel throughout the litigation as well as telephonically participated at the mediation.

---

[7] This amount includes reimbursement of costs to the Claims Administrator for its services. That said, and as explained in Plaintiff's concurrently filed Motion for Attorneys' Fees, Costs and Service Payment, Plaintiff seeks $12,968.55 in verified litigation costs to Class Counsel and up to $137,031.15 for the costs of claims administration.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

1    Declaration of Loren Stone, executed April 17, 2015 [Dkt. 109] ¶ 5.

2         As stated, the basis for Plaintiff's motion relating to the payment of fees, costs

3    and a service payment is set forth in a separate filing.

4         **C.   *CY PRES* DISTRIBUTION OF COMMON FUND REMAINDER**

5         In the event that any portion of the Settlement Fund remains unclaimed, or

6    any check sent to any Authorized Claimant remains uncashed for more than 120

7    days after issuance, then such unclaimed or uncashed funds will become available to

8    the Privacy Rights Clearinghouse, pending Court approval. Settlement Agreement,

9    Secs. VIII(B)-(C); *see also* Declaration of Jeffrey A. Koncius in Further Support of

10   Plaintiff's Motion for Preliminary Approval of Class Action Settlement, executed

11   May 19, 2015 [Dkt. 113] ("Koncius Decl.") ¶¶ 4-5.

12        Class Counsel have carefully considered the proposed *cy pres* recipient and

13   the goal in formulating this proposal was to make a grant to an organization that

14   represents the privacy interests of consumers in different ways. The Privacy Rights

15   Clearinghouse seeks funds to support and maintain long-term projects that will

16   provide substantial benefits and a variety of services to consumers. Thus, the

17   proposed *cy pres* remedy will provide indirect benefits to absent Class Members and

18   those people who in the future are anticipated to have similar interests to the

19   members of the present Class – to be free from invasion of their privacy. Young

20   Decl. ¶ 19. Of note, in the *Mount* action referenced above, a call recording class

21   action similar to this which was filed in Los Angeles Superior Court against Wells

22   Fargo Bank, the Privacy Rights Clearinghouse was accepted by the court there as

23   one of the *cy pres* recipients. Koncius Decl. ¶ 5.

24        Under no circumstances will any portion of the Settlement Fund revert to

25   Defendants. Settlement Agreement, Secs. IV(B), VIII(C).

26   / / /

27   / / /

28   / / /

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**

### D.   PRELIMINARY SETTLEMENT APPROVAL, NOTICE AND CLASS REACTION TO DATE

On June 15, 2015, the Court entered an Order that granted preliminary approval of the Settlement, directed notice to Class Members, and scheduled a hearing on final approval. Order Granting Preliminary Approval of Class Action Settlement [Dkt. 115]. On July 7, 2015, the Claims Administrator, Gilardi & Co., LLC ("Gilardi"), caused direct notice to be sent to the Class Members. Declaration of Kathleen Wyatt, executed August 6, 2015 [Dkt. 116] ("Wyatt Decl.") ¶¶ 4-7. After performing a reverse lookup for names and addresses from the list of 10,787 telephone numbers it received from Defendants, removing duplicates, and running the results through the National Change of Address database, Gilardi identified 15,731 mailing addresses. *Id*. ¶ 3. A second reverse lookup allowed Gilardi to identify 3,662 validated email addresses. *Id.* ¶ 5. The Postcard Notice was then mailed to the 15,731 postal addresses and the Long Form Class Notice was emailed to the 3,662 validated email addresses. Supp. Wyatt Decl. ¶ 3. In addition, notice was publicized in USA Today within distribution zones covering California, banner advertising was posted on the MNI Network, targeted to the San Francisco, Los Angeles, Fresno, Sacramento, and San Diego markets, and further media outreach was performed by disseminating the Publication Notice through the TopClassActions.com newsletter and blog. Supp. Wyatt Decl. ¶ 5. A website relating to the Settlement has been set up as well. Wyatt Decl. ¶ 11.

As of September 11, 2015, Gilardi has received 1,235 unique and valid claims from Class Members, no Class Members have objected to the Settlement and no Class Members have chosen to exclude themselves from the Settlement.[8] Supp.

_____

[8] Pursuant to the Settlement Agreement, claim forms that are not validated (*e.g.*, (footnote continued)

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

1   Wyatt Decl. ¶¶ 6-8. Thus, the reaction of the Class to the proposed Settlement has

2   been overwhelmingly positive.

3        As set out herein, due to the procedural posture of the case, Class Counsel

4   was able to evaluate settlement versus trial on a fully-informed basis and all legal

5   and factual issues were examined in reaching the Settlement. After having done so,

6   Class Counsel believes that the Settlement satisfies all of the criteria for final

7   approval as it is fair, reasonable and adequate and in the best interests of the Class.

8   Young Decl. ¶¶ 3-5; Declaration of Kenneth M. Lipton, executed September 9, 2015

9   ("Lipton Decl.") ¶ 4. As such, the Settlement should be finally approved and this

10  Motion granted.

11  **IV.**   <u>**LEGAL ANALYSIS**</u>

12      **A.**   **STANDARD FOR FINAL APPROVAL**

13       Rule 23(e) requires court approval of any settlement of claims on behalf of a

14  certified class. In the Ninth Circuit, "there is a strong judicial policy that favors

15  settlements, particularly where complex class action litigation is concerned." *In re*

16  *Synocor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). Indeed, the *Synocor*

17  Court further recognized, "[t]his policy is also evident in the Federal Rules of Civil

18  Procedure and the Local Rules of the United States District Court, Central District

19  of California, which encourage facilitating the settlement of cases". *Id.* (citing

20  various Local Rules of the United States District Court, Central District of

21  ———————————————————

22

23  those in which the name and telephone number on the claim form is not found in

24  Defendants' database) will result in the Claims Administrator notifying the claimant by postcard setting forth the reason for the invalidity. Settlement Agreement Sec.

25  VII(F). Shortly after the date of this filing, about 7,778 such postcards will be sent and the recipients will have thirty days to cure the invalid claim form, which can be

26  done by submitting documentation of proof, such as a copy of a phone bill,

27  indicating the recipient is a legitimate Class Member. *Id.*; Supp. Wyatt Decl. ¶ 6.

28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

California, relating to settlement). The approval of a proposed class action settlement "is committed to the sound discretion of the trial judge." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). In exercising this discretion, the trial court must give "proper deference to the private consensual decision of the parties" as "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at 1027.

The process for the approval of a class settlement is made up of three parts. At the first, preliminary approval, the court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *See* Manual for Complex Litigation § 21.632 (4th ed. 2004). Next, the class is given notice of the litigation and the final hearing so as to advise them of the settlement and the ability to object or opt out of the settlement. *Id.* § 21.633. The last step, the final fairness hearing, allows for individuals to be heard in support of, and opposition to, the proposed settlement and at which the court is tasked with determining whether the proposed settlement is "fair, reasonable, and adequate." *Id.* § 21.634.

The first two parts have been completed. This Court has found the Settlement within the range of reasonableness and has granted Preliminary Approval [Dkt. 115]. Further, the Claims Administrator has given the requisite notice as required. Wyatt Decl. ¶¶ 5, 9, 16-20; Supp. Wyatt Decl. ¶¶ 3-5, 9. Thus, this Court must now make a final determination of the fairness, reasonableness, and adequacy of the settlement by balancing a number of factors, including:

(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Plaintiffs submit that a review of those factors should result in final approval herein being granted.

## B.   THE SETTLEMENT SHOULD BE FINALLY APPROVED

Counsel for Plaintiff and the Class have substantial experience in class action litigation, privacy rights, and, in particular, similar class action litigation involving call recording. In their view, the proposed Settlement at this juncture is well within "the range of reasonableness" and is fundamentally fair, adequate, and reasonable when analyzed using the *Churchill* factors, as set out below.[9]

### 1.   The Strength of Plaintiff's Case Compared to the Risk, Expense, Complexity, and Likely Duration of Further Litigation

Although Class Counsel's opinion is that this case is a strong one, it must be noted that there has not been a ruling on the substantive issue underlying the litigation – whether the phone calls at issue in this case constitute "confidential communications" within the meaning of California Penal Code § 632(a). Should the Settlement not be approved, further litigation would ensue over whether there exists a reasonable expectation that no one was secretly listening to Plaintiff's phone conversations with Defendants' call centers and the merits of Plaintiff's legal and

---

[9] The *Churchill* factor relating to "the presence of a governmental participant" is not addressed since it is not applicable here. That said, appropriate notice was given to state officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 (*see* Declaration of Nancy L. Stagg, executed May 12, 2015 [Dkt. 112]), and to date none has objected to the Settlement.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

damages theories.[10] While the continuation of this litigation would not likely result in an increased benefit to the Class (and Defendants would argue it would resolve on the merits in its favor), it would lead to a very substantial expenditure in attorneys' fees and costs by both parties. Indeed, should this matter proceed and Plaintiff prevail, whether through a trial on the merits or through motion practice, Defendants would likely appeal to the Ninth Circuit resulting in further expense and delay. In reality, should this matter not be settled at this juncture, the only certainty is years of litigation. In light of the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," the Court should grant final approval. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998).

> ### 2.     The Risk of Maintaining Class Action Status Throughout the Trial

As set out more fully below, Plaintiff submits that this action could be properly maintained as a class action. First, the numerosity, commonality, typicality, and adequacy of representation requirements under Rule 23(a) are met. Next, Rule 23(b)(3) is satisfied because "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative

---

[10] Indeed, the legal claims asserted herein have not always been met with successful results. *See*, *e.g.*, *Faulkner v. ADT Security Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) (plaintiff's allegations insufficient to infer an objectively reasonable expectation of confidentiality on a phone conversation he had with defendant); *see also Weiner v. ARS Nat'l Servs.*, 887 F. Supp. 2d 1029, 1033 (S.D. Cal. 2012) (circumstances surrounding plaintiff's phone conversation with defendant showed he did not have "an objectively reasonable expectation that the conversation was not being recorded.").

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation and citation omitted). However, Plaintiff recognizes that there are significant hurdles to class certification in this case. For example, Defendants have argued that variations among the Class Members' individual expectations of whether their calls were being recorded preclude certification under Rule 23(b)(3). *See* Opp'n to Pl.'s Mot. for Class Cert. [Dkt. 68] at 17:4-24. Although Plaintiff is confident that this action can be maintained as a class action, the risk of maintaining class action status throughout trial weighs in favor of final approval.

### 3. The Amount Offered in Settlement

Under the Settlement, Class Members who make claims will be compensated for the telephone calls they claim were recorded without notice or consent. Thus, the amount offered in settlement, arrived at after intensive arm's-length negotiations, is a significant recovery for the Class in light of the risks of further litigation and Defendants' likely defenses. In that regard, the Ninth Circuit has held that "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what *might* have been achieved by the negotiators." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The court there continued, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Id.* at 624 (citations omitted). Further, the "fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." *Linney*, 151 F.3d at 1242 (internal citation omitted). Here, the Class will be getting a monetary recovery payable by check, with no funds reverting to Defendants. And as explained above, the individual award to claimants will be considerable. Assuming the requests made in Plaintiff's Motion for Fees, Costs, and Service Payment are granted, the 1,235 claimants who submitted valid and timely claim forms will each

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

receive an individual award of $781.38. *See* Sec. III, *supra*. And assuming that all claimants who submitted invalid claims properly cure them, the 9,013 total claimants would still each receive an award of $107.07. *Id.*

### 4. The Extent of Discovery Completed and the Stage of the Proceedings

As stated above, significant discovery was undertaken in this action including, but not limited to, numerous sets of interrogatories and requests for production propounded by Plaintiff Stone on HJI and WHG, as well as third-party subpoenas served on Defendants' call center vendor and the manufacturer of Defendants' call recording system, resulting in the production of nearly 4,000 pages of documents. Additionally, Plaintiff's deposition was taken, and the depositions of three of Defendants' corporate designees were taken in Aberdeen, South Dakota. Young Decl. ¶ 5. This information provided Plaintiff with sufficient evidence to evaluate the strengths and weaknesses of his claims and the benefits of the proposed Settlement. *Id.*; *see also Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2007 U.S. Dist. LEXIS 27269, *12 (N.D. Cal. Mar. 28, 2007) (As a result of extensive discovery, "[b]y the time the settlement was reached, the litigation had proceeded to a point in which both plaintiff and defendants had a clear view of the strengths and weaknesses of their cases.") (internal quotes and citations omitted).

It is also significant that this action has been subject to a motion to dismiss and that Plaintiff's motion for class certification was fully briefed and awaiting oral argument at the time the Settlement was reached. Young Decl. ¶ 6. Thus, Plaintiff was well informed not only of the basis for the claims and allegations herein, but also of Defendants' defenses.

### 5. The Experience and Views of Counsel

Plaintiff and the Class Members are represented in this case by counsel who have significant experience in complex class action litigation, have negotiated numerous other substantial settlements, and have the ability to litigate this case on a

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

classwide basis if a fair settlement was not offered. *See* Young Decl. ¶ 3; Lipton Decl. ¶¶ 2-3, 5. Class Counsel include attorneys highly experienced in privacy rights and class action litigation, and their expertise helped inform the settlement negotiations and the drafting of the Settlement Agreement. In negotiating the Settlement, Class Counsel drew on their considerable experience, skill, and expertise in determining that the Settlement was fair, reasonable, and adequate. Young Decl. ¶ 3.

**6.      The Reaction of the Class Has Been Overwhelmingly Positive**

As set forth above, the reaction of the Class to date has been overwhelmingly positive. As of the date of this filing, none of the 10,787 Class Members have opted out and none have objected. Supp. Wyatt Decl. ¶¶ 2, 7-8. Instead, 1,235 Class Members have submitted valid claims. *Id*. ¶ 6. This reaction weighs heavily in favor of approval. *See, e.g., Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (finding, "[t]he absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement. It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, Case No. 2:12-CV-05122 MRP (MANx), 2013 U.S. Dist. LEXIS 179190, 63 (C.D. Cal. Dec. 5, 2013) (granting final approval where 69 class members opted out after 52,883 class notices sent, observing "[p]roportionally, the number of exclusions represents only a small fraction of the class members"); *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 U.S. Dist. LEXIS 95538, 16-17 (N.D. Cal. July 11, 2014) (granting final approval of settlement and noting that "a total of 59,830 class members have submitted claim forms, twenty-three have opted out, and sixteen have objected"). Finally, as the last date for objections to be filed is October 28, 2015, Plaintiff may file a supplemental pleading to address any issues to the extent it is necessary.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

15      **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

**7.    The Settlement Agreement Was Reached Without Collusion**

The Ninth Circuit has established additional guidelines for considering the fairness of class action settlements. In *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011), the court observed, "Collusion may not always be evident on the face of a settlement, and courts therefore must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." (citations omitted). The court noted that the following may be signs of such impropriety: (1) a disproportionate distribution of the settlement to counsel or where counsel receives money but the class does not; (2) the presence of a "clear sailing" agreement; and (3) the reversion of funds to defendant. *See id.* at 947. As made clear above, the first and third of these factors are not present here. And although the Settlement Agreement provides that Defendants will take no position regarding Class Counsel's fee request (Settlement Agreement Sec. V.), that alone does not evidence collusion nor justify invalidating the Settlement as unfair especially in light of the substantial benefit conferred on the Class.

**C.    UNDISTRIBUTED MONIES SHOULD BE DISTRIBUTED TO THE CLASS *CY PRES***

The Ninth Circuit has noted that distribution of settlement monies to a Class may sometimes result in a balance remaining and that a *cy pres* donation may be ordered by the Court in such circumstances. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307-08 (9th Cir. 1990) (finding acceptable *cy pres* distribution for purpose of distributing unclaimed funds). The Ninth Circuit has described the *cy pres* remedy as the "'next best distribution' absent a direct monetary payment to absent class members." *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012). Of note, the doctrine does not require "that settling parties select a *cy pres* recipient that the court or class members would find ideal. On the

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

contrary, such an intrusion into the private parties' negotiations would be improper and disruptive to the settlement process." *Id.* at 821. Rather, a properly crafted *cy pres* distribution need only "(1) address the objectives of the underlying statutes, (2) target the plaintiff class, or (3) provide reasonable certainty that any member will be benefitted." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1040 (9th Cir. 2011).

In light of the over one thousand claims that were submitted and to whom checks will be sent, it is likely, even after taking steps to confirm current addresses, that some of the checks sent to Class Members will not be cashed within 120 days of issuance. Therefore, distribution of those remaining sums in a manner benefiting the Class can only be achieved by a *cy pres* distribution to the Class. So too, such a mechanism also ensures that settlement funds will not revert to the Defendants. Here, it is submitted that the *cy pres* recipient, Privacy Rights Clearinghouse, is appropriate.

Class Counsel have carefully considered the proposed *cy pres* remedy and the goal in formulating this proposal was to make a grant to an organization that represents the privacy interests of consumers in different ways, by providing education, research, data collection, legislative and administrative advocacy, etc. The Privacy Rights Clearinghouse has requested funds to support and maintain long-term projects that will provide substantial benefits and a variety of services to consumers in the privacy space which of course includes the privacy rights involved here. Thus, the proposed *cy pres* remedy will provide indirect benefits to absent Class Members. *See* Young Decl. ¶ 19. The Privacy Rights Clearinghouse submitted documentation in which the organization describes itself, its mission, and its experience and expertise in addressing privacy-related consumer issues, and describes the activities that will be undertaken with the *cy pres* funds. *Id.* ¶ 20. Therefore, it is submitted that the proposed *cy pres* remedy was designed and carefully tailored to provide indirect benefits to Class Members and the funds will allow the recipient to continue its work in a time of shrinking budgets. Accordingly,

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

17

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

this Court should approve the *cy pres* distribution.

### D.   PURSUANT TO RULE 23 NOTICE WAS GIVEN TO THE CLASS WHICH ALLOWED CLASS MEMBERS TO EXCLUDE THEMSELVES FROM THE SETTLEMENT AND CONTINUES TO ALLOW THEM TO OBJECT

Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Notice to the class must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. Proc. 23(c)(2)(B); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). The notice must contain the following information: (1) the nature of the action; (2) the definition of the class; (3) the class claims, issues, or defenses; (4) that any class member may appear at the fairness hearing through an attorney; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a judgment on class members. Fed. R. Civ. Proc. 23(c)(2)(B). Those requirements have been satisfied.

Plaintiff retained Gilardi, an experienced class action administrator, to disseminate the Notice approved by this Court in the Preliminary Approval Order. Here, the majority of the members of the Class were identified and located from the records of WHG and HJI. Defendants compiled a Database containing the unique telephone number for each telephone call made to Howard Johnson's toll-free reservations from a California area code that was recorded by its call center during the Class Period and, if available, the name, address and/or e-mail of the Class Member who is associated with that telephone number as reflected in WHG's and HJI's Database. Settlement Agreement, Sec. VII(A). Then, and as described at length in the Declaration, and Supplemental Declaration, of Kathleen Wyatt, Project Manager at Gilardi, after being provided a list of telephone numbers for the 10,787 Class Members, Gilardi performed a reverse lookup for names and addresses,

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

18

removed duplicates, and ran the results through the National Change of Address database. Wyatt Decl. ¶ 3. Through that process, Gilardi identified 15,731 mailing addresses. *Id*. A second reverse lookup allowed Gilardi to identify 3,662 validated email addresses. *Id.* ¶ 5. The Postcard Notice was then mailed to the 15,731 postal addresses and the Long Form Class Notice was emailed to the 3,662 validated email addresses. Supp. Wyatt Decl. ¶ 3. In an effort to maximize the delivery rate, if Postcard Notices were not successfully delivered after the first delivery attempt, Gilardi attempted to reissue them to updated addresses.[11] *Id.* at ¶ 4. For those Class Members whose name and last-known address or e-mail address were identified, Gilardi provided notice of the proposed Settlement by: (1) an email substantially in the form of the Class Notice that included a hyperlink to the Claim Form, or (2) by regular mail in the form of the Postcard Notice containing instructions that the Claim Form could be (a) accessed, filled out and submitted on the Settlement website, or (b) submitted by regular mail. Supp. Wyatt Decl. ¶ 3; *see also* Class Notice and Postcard Notice, attached as Exhibits A-B to Wyatt Decl.

As for Class Members who were not identified in the Database, notice was provided by publication substantially in the form of the Publication Notice in USA Today (in the editions within distribution zones covering California), which included the web address of the Settlement website. Wyatt Decl. ¶ 8; Supp. Wyatt Decl. ¶ 5; *see also* Publication Notice, attached as Exhibit C to Wyatt Decl. Publication was further supplemented by paid online advertising consisting of

---

[11] Of the 15,731 Postcard Notices mailed, 2,805 were returned as undeliverable by the United States Postal Service. Gilardi performed a "skip trace" search and found 1,414 new addresses. Gilardi then re-mailed Postcard Notices to the updated addresses. To date, only 114 of those remailed postcards have been returned. Supp. Wyatt Decl. ¶ 4.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

banner advertisements and disseminating the Publication Notice through the TopClassActions.com newsletter and blog. Wyatt Decl. ¶¶ 9-10; Supp. Wyatt Decl. ¶ 5. As this Court previously concluded, the above methods of notice satisfy all due process requirements. Preliminary Approval Order [Dkt. 115] ¶ 4; *see also Ellison v. Steven Madden, Ltd.*, No. 11-cv-5935 PSG-AGRx (C.D. Cal. Sept. 25, 2012), ECF No. 45 at 13 ("the plan for contacting class members, by using their phone numbers to obtain mailing addresses and through internet and print advertising, is reasonably likely to reach class members.").

In addition to the manner of giving notice to the Class, the contents of the notice itself satisfied Rule 23(c)(2)(B), as the notice includes all required elements. *See* Class Notice. Accordingly, the form of notice and the manner of giving notice was appropriate.

### E.   THE COURT SHOULD FINALLY CERTIFY A SETTLEMENT CLASS

Final certification is appropriate where the proposed class and the proposed class representatives meet the four requirements of Rule 23(a) – numerosity, commonality, typicality and adequacy of representation – and one of the three requirements of Rule 23(b). Here, Plaintiff seeks certification of a Settlement Class, pursuant to Rules 23(a) and 23(b)(3), on behalf of all persons who were California residents and who telephoned Howard Johnson's toll-free reservations while physically located in California, between February 28, 2011, and March 23, 2012, and who did not consent to their telephone conversation being recorded. Settlement Agreement, Sec. III(A). The United States Supreme Court emphatically confirmed the viability of such settlement classes in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), reiterating that the "dominant concern" that governs the proper analysis under each Rule 23 subsection is: "whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives." *Id.* at 621. The Court has also emphasized the importance of the class action procedure:

"Class actions serve an important function in our system of civil justice" because they "'vindicat[e] the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost.' [Citation.]" *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 & n.11 (1981). As all prerequisites to certification have been satisfied, the settlement class should be finally certified.

### 1.     The Requirements of Rule 23(a) Are Satisfied

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011). Under Rule 23(a), the party seeking certification must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Proc. 23(a).

#### a.     Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. Proc. 23(a)(1). "Generally, a plaintiff must show enough evidence of the class's size to enable the court to make commonsense assumptions regarding the number of putative class members." 1 Rubenstein, *Newberg on Class Actions*, § 3.13 (5th ed. 2011). Here, more than ten thousand California residents placed telephone calls to Howard Johnson's toll-free reservations during the Class Period. *See* Supp. Wyatt Decl. ¶ 2. On that basis alone, the numerosity requirement is satisfied.

#### b.     Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. Proc. 23(a)(2). "Commonality requires the plaintiff to

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Class members' claims "must depend upon a common contention . . . that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 2545. "What matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 2551.

Here, the claims of all Class Members depend upon a common contention that the secret recording of telephone calls with Class Members violated the Privacy Act and the rights of Plaintiff Stone and Class Members. Plaintiff's claims are based upon the same conduct by Defendants, based on common practices and procedures applicable to all members of the Class, resulting in the litigation of common legal issues. Further, the common questions of law and fact presented in this case could only be effectively and efficiently resolved in a classwide proceeding that would generate common answers to those questions.

### c.  Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class". Fed. R. Civ. Proc. 23(a)(3). The Ninth Circuit has observed this standard to be "permissive" and has held that "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020; accord, *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Further, "[t]he test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.' [Citation.]" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

22

(9th Cir. 1992). Because Plaintiff Stone engaged in a telephone conversation with Howard Johnson's toll-free reservations number which was recorded without warning, which is the identical scenario which gives rise to the claims of the other members of the Class, he satisfies the typicality requirement as Class Representative. *Id.* ("Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.").

<div align="center">

d.    *Adequacy of Representation*

</div>

Rule 23(a)(4) permits class certification only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Proc. 23(a)(4). In assessing whether this requirement has been met, the court asks: (1) whether the proposed representative plaintiff and their counsel have conflicts of interest with the proposed class, and (2) whether plaintiff is represented by qualified and competent counsel. *See Hanlon*, 150 F.3d at 1020.

Plaintiff does not have any conflicts of interest with the proposed Class. Plaintiff's claims are identical to the claims of other Class Members and arise from the same conduct by Defendants. Plaintiff and other Class Members have suffered the same injury, and Plaintiff seeks relief equally applicable and beneficial to the Class. Further, Plaintiff is represented by qualified and competent counsel who have the experience and resources necessary to vigorously pursue this action. As evidenced by the firm resumes attached to the declarations of Messrs. Young and Lipton, the firms retained by Plaintiff have substantial class action experience, including particular experience in litigating Privacy Act claims. *See* Young Decl. ¶ 8; Lipton Decl. ¶ 5. Plaintiff and his counsel are able to fairly and adequately protect the interests of the Class.

<div align="center">

**2.    The Requirements of Rule 23(b)(3) Are Satisfied**

</div>

In addition to meeting the prerequisites of Rule 23(a), a class action must satisfy at least one of the three conditions of Rule 23(b). Plaintiff submits that the

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

<div align="center">23</div>

1  Settlement Class satisfies Rule 23(b)(3).

2  Under Rule 23(b)(3), a class action may be maintained if: "[1] the court finds

3  that the questions of law or fact common to class members predominate over any

4  questions affecting only individual members, and [2] that a class action is superior

5  to other available methods for fairly and efficiently adjudicating the controversy."

6  Fed. R. Civ. Proc. 23(b)(3). Here, common questions predominate over any

7  individualized inquiries relating to Class Members. Plaintiff's claims are based upon

8  a common course of alleged conduct undertaken by Defendants with respect to

9  every member of the Class: Defendants violated the Privacy Act by secretly

10 recording telephone calls with Class Members. These liability issues are common to

11 Plaintiff and all members of the Class – and, in fact, if every Class Member were to

12 bring an individual action, they all would be required to prove the existence of the

13 same alleged wrongful course of conduct on the part of Defendants in order to prove

14 liability. Indeed, it is difficult to discern any liability issues that are not common to

15 the claims of all members of the Class, and these issues predominate over any

16 individual ones.

17 As for superiority, the inquiry focuses "'on the efficiency and economy

18 elements of the class action so that cases allowed under [Rule 23(b)(3)] are those

19 that can be adjudicated most profitably on a representative basis.'" *Zinser v. Accufix*

20 *Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) (quoting 7A Charles Alan

21 Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780

22 at 562 (2d ed. 1986)). "[T]he purpose of the superiority requirement is to assure that

23 the class action is the most efficient and effective means of resolving the

24 controversy." Federal Practice and Procedure, § 1779 at 174 (2005). This action

25 easily satisfies such requirements. First, the members of the Class, should they even

26 learn of their respective claims, would likely not be interested in undertaking the

27 burden of litigating this case and filing their own action. Furthermore, especially in

28 a Class so numerous, "the alternative to class action – individualized cases – would

24

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**

be inefficient, costly, and unwieldy[.]" *Ellison*, 11-cv-5935 at 5. This shows that one action is superior to duplicative actions, individual or otherwise.

Thus, this action is appropriate for class certification for settlement purposes, embodying all the hallmarks, both in form and in substance, of class actions routinely certified in this Circuit as has been discussed at length herein.

## V.   <u>CONCLUSION</u>

For the reasons stated above, Plaintiff respectfully submits that the proposed Settlement is fair, adequate, and reasonable, and in the best interests of the Class. Accordingly, he respectfully requests that this Court: (a) finally certify the stipulated Class for settlement purposes; and (b) grant final approval of the Settlement.

DATED: September 11, 2015          **KIESEL LAW LLP**


By: _____/s/ Jeffrey A. Koncius_____
          PAUL R. KIESEL
          JEFFREY A. KONCIUS
          MATTHEW A. YOUNG

          **LAW OFFICES OF KENNETH M. LIPTON**
          KENNETH M. LIPTON

          Attorneys for Plaintiff LOREN STONE, on behalf of himself and all others similarly situated

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**